[Filed June 18, 1892.]

MINERVA ANN DICE *v.* MARY E. McCAULEY ET AL.

DISPUTED BOUNDARY — LEGAL TITLE — STARE DECISIS.—Where, in a suit under the statute, it appears from the pleadings and evidence that the only controversy between the parties is the legal title to a strip of land claimed to have been acquired by adverse possession, the complaint will be dismissed, and the parties required to try the legal title at law. *Love* v. *Morrill,* 19 Or. 545, followed and approved.

Polk county: R. P. BOISE, Judge.

Defendants appeal. Reversed and dismissed.

This suit is brought by the plaintiff against her daughter, Mary E. McCauley, and her husband. Its alleged object is to ascertain and settle a disputed question of boundary between the lands of plaintiff and defendants. E. C. Dice in his lifetime settled upon a tract of land in Polk county, Oregon, as his donation land claim. The plaintiff was his wife. One-half of said claim inured to her under the donation law. Mary E. McCauley has succeeded to all the estate and interest of E. C. Dice in said claim.

Upon the trial, the court below made the following findings of fact and law: "Now, on this twentieth day of May, 1891, this cause came on for hearing; W. H. Holmes appearing as counsel for the plaintiff, and Daly, Sibley & Eakin, and W. S. McFadden, appearing as counsel for the defendants; and after hearing the allegations and proofs of the parties, and arguments of counsel, the court finds as conclusions of fact—first, that there is a controversy as to the location of the line between the land of the plaintiff and the defendants; second, that the evidence does not show that the plaintiff and E. C. Dice, her late husband, agreed between themselves to establish between their respective

lands of their donation land claim any line other than established by the United States patent, which conveyed their said donation land claim to them, or that plaintiff once after agreed to any other line; third, that the true line between the lands of the plaintiff and defendant is a straight line running nearly east and west parallel with the south line of said donation land claim, from such points on the east and west boundaries thereof as to divide the said claim into equal parts. As conclusions of law, the court finds that the plaintiff is entitled to have her said true line established by this court, and that commissioners be appointed to establish the same. It is, therefore, ordered and decreed by the court that a straight line, running nearly east and west parallel with the south line of the donation land claim of E. C. Dice and wife, is the true boundary line between the said lands of plaintiff and defendant. And it is further ordered that W. P. Wright, James A. Dempsey, and F. A. Patterson, be and are hereby appointed commissioners to ascertain and mark said line; and said commissioners are hereby directed to go out upon the said lands of said parties and establish and mark out upon the grounds, by proper marks and monuments, said boundary or dividing line between the plaintiff and defendant, and report their doings at the next term of this court." Thereafter, on the eleventh day of December, 1891, said referees having made their report, the court entered the following decree thereon: "Comes now (December 11, 1891,) said cause to be heard upon the motion of the plaintiff to confirm the report of the referees heretofore appointed to establish the line between the lands of the said parties as disclosed by the pleadings, and for a final decree establishing said reported line as the true line dividing the said lands of the parties, and the motion of the defendants to set aside said report and refer the said matter of surveying and establishing said line; and the court having fully considered the same, and being advised as to the facts and law

pertaining thereto, overrules the said motion of defendants. It is, therefore, ordered, adjudged, and decreed by the court that the said report be and the same is hereby confirmed, and the line dividing said lands is decreed by the court to be a line running east and west parallel with the south boundary line of the donation land claim of E. C. Dice and wife, No. 55, in township 8 south, range 4 west of the Willamette meridian, and seventeen and forty-three one-hundredths chains north therefrom. It is further decreed by the court that the plaintiff have and recover from the defendants her costs and disbursements incurred in the prosecution of this suit, which said costs, etc., are allowed and taxed at $——, and that execution issue to enforce this decree.

"R. P. Boise, Judge."

From this decree this appeal was taken.

*Daly, Sibley & Eakin, John Burnett,* and *W. S. McFadden,* for Appellants.

*Bonham & Holmes,* for Respondent.

Strahan, C. J.—Under section 4 of the donation act, E. C. Dice in his lifetime became a settler upon the donation claim described in the pleadings, and by virtue thereof, and upon compliance therewith, became entitled to said tract of land so settled upon, "one-half to himself, and the other half to his wife, to be held by her in her own right"; and the surveyor-general was required to designate the part inuring to the husband and that to the wife, and enter the same on the records of his office; and that line, when ascertained, would be the true dividing line between the plaintiff's and defendants' lands, unless something else intervened to affect it. The contention of defendants is that, twenty or more years ago, E. C. Dice and the plaintiff agreed upon a conventional line running between the house and barn, and which was always observed by maintaining a turning row on said line, and that thereafter each claimed

and occupied up to that line without a question.  In this view of the subject, the only question in the case is, whether or not there was such an understanding, which, if acted upon for a sufficient length of time, would bar an entry.  This question is purely a legal one, and ought to be tried by a jury.  This is not a case in which the place where the true line was run upon the ground has been lost by the removal or destruction of monuments, or for any cause cannot be ascertained or is not known, but it is one where the owners of the tract, for reasons that were satisfactory to themselves at the time, are alleged to have established another and different line by agreement, and which was acted upon by each of them by actual occupancy up to such conventional line for more than twenty years.  The defendants' evidence is all directed to this point, and it certainly does tend very strongly to establish this contention.  Under this aspect of the case, the only contention there is between the parties is, which owns the strip of land lying between the line made by the surveyor-general and the conventional line alleged to have been established by the parties.  This brings the case within the principle applied by this court in *Love* v. *Morrill*, 19 Or. 545, which is decisive of this case.

Let the decree appealed from be reversed and the suit be dismissed.