Argued March 24, decided April 26, 1910.

### ANDREWS *v.* BROWN.

[108 Pac. 184.]

BOUNDARIES—ACTION TO ESTABLISH—PLEADING.

1. In a suit to establish a boundary line, the answer denied plaintiff's
ownership of the lands included in the limits claimed by plaintiff as
the boundaries of the land described in the complaint, and denied any

dispute or uncertainty as to the boundary except as thereafter set forth, and alleged defendant's chain of title to certain lands claimed by him, and that about 20 years previously, the boundary between plaintiff's grantors and defendant's grantors being uncertain, they agreed upon a boundary line, and that defendant and his grantors had been in possession of the land now claimed by plaintiff for more than 10 years. *Held,* that the answer, taken as a whole, denies that there is now any dispute or uncertainty as to where the original lines actually existed upon the ground.

BOUNDARIES—ACTION TO ESTABLISH—JURISDICTION—NATURE AND FORM OF REMEDY.

2. In a suit in equity to establish a disputed boundary line, defendant alleged that the location of the line being uncertain, plaintiff's grantors and defendant's grantors agreed upon a certain line, and that defendant and his grantors had been in possession of the land now claimed by plaintiff more than 10 years, and asked that the boundary be adjudged to be where the conventional line mentioned is located. *Held,* that the court had no jurisdiction to try the issue of the location of the conventional line and defendant's title by adverse possession.

APPEAL AND ERROR—JURISDICTION ON APPEAL—WAIVER OF OBJECTION TO JURISDICTION.

3. On objection to the jurisdiction of the lower court to consider issues raised by defendant, the court on appeal will not take jurisdiction and try the issues, although the objection to the jurisdiction of the lower court is waived, but the parties will be left to their remedy at law.

From Multnomah: EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by A. E. Andrews against Oliver J. Brown to establish a disputed boundary line.

The complaint is in the usual form, alleging plaintiff's ownership of certain premises, and that there is a dispute or controversy between the parties to this suit concerning the location of the boundary or dividing line between their lands.

Defendant answered, denying plaintiff's ownership of the lands included within the limits claimed by plaintiff as the correct boundaries of the land described in the complaint, and denying any dispute or uncertainty as to the boundary, except as thereinafter set forth. These denials are followed by two separate and further answers, alleging by way of "answer, defense, and counterclaim" the defendant's chain of title to certain lands claimed by him, and alleging that about 20 years previously the boundary

between plaintiff's grantors and defendant's grantors, being uncertain, doubtful, and unascertained, they agreed upon a certain boundary line; and that defendant and his grantors and predecessors in interest have been in actual continuous, adverse, open, and notorious possession of the land now claimed by plaintiff for more than 10 years. Defendant asks that the boundary be adjudged to be where the conventional line above mentioned is located.

Plaintiff denied the new matter in the answer, and objected, by reply, to the jurisdiction of the court to hear defendant's alleged counterclaim.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief over the names of *Messrs. Pearcy & Wintler,* with an oral argument by *Mr. Joel N. Pearcy.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. For the sake of brevity we have omitted a full statement of the contentions of the parties. We think that the answer, taken as a whole, denies that there is now any dispute or uncertainty as to where the original lines, dividing the land of the parties, actually existed upon the ground; nor is there any substantial dispute in the evidence. The original lines called for by the deeds are practically where plaintiff claims them, and if defendant has any right to any of the land east of the line claimed by plaintiff it is by virtue of adverse possession, or by an agreement between the parties. The surveys made at the instance of the respective parties are practically identical, and there is no contention as to where a survey, according to the original conveyances, would place the line. Defendant's answer, taken as a whole, denies any present dispute or uncertainty as to the boundary lines, except that defendant claims to a conventional line and by adverse possession. The objection taken by plaintiff to the trial of either of these

issues was well taken: *Love* v. *Morrell,* 19 Or. 545 (24 Pac. 916) ; *Dice* v. *McCauly,* 22 Or. 456 (30 Pac. 160.)

2. The question whether there was a dispute or any uncertainty as to the actual boundary was the only matter left to try, and the court, properly concluding that there was none, dismissed the suit.

3. It is suggested by appellant that he is willing to waive his objection to the jurisdiction of the lower court to take cognizance of defendant's attempted defenses, and allow the whole matter to be tried out here. But if the lower court had not jurisdiction to consider these, we will not assume it on appeal, but leave the parties to their remedy at law.

This case is so similar to *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916), that we deem an extended opinion unnecessary. The decree of the lower court is affirmed.

AFFIRMED.