## A. L. MINER v. WM. CAPLES ET. AL.

[S. C. 31 Pac. Rep. 655.]

DISPUTED BOUNDARIES—EQUITY JURISDICTION—TITLE TO LAND.—Under §§ 506 and 507, Hill's Code, allowing suit to be brought in equity for the ascertainment and marking of disputed boundary lines between adjacent land-owners, the court cannot try the title to real estate. Equity has no jurisdiction, therefore, where the question disputed is which of two lines was meant by a description in a deed, for this simply is determining the title to the land between the two lines. *Love* v. *Morrill*, 19 Or. 545 (24 Pac. Rep. 916); *King* v. *Brigham*, 23 Or. 262 (31 Pac. Rep. 601; 18 L. R. A. 361), and *School District No.* 70 v. *Price*, 23 Or. 294 (31 Pac. Rep. 657), approved and followed.

Multnomah County:  LOYAL B. STEARNS, Judge.

Defendants appeal.  Reversed.

*Hartwell Hurley (Caples & Allen* on the brief), for Appellants.

*Henry H. Northup*, for Respondents.

LORD, C. J.—This suit is brought ostensibly to ascertain and locate the boundary line between two adjoining owners of land, and asks a decree that such boundary line may be established; that all claim of defendants to said land may be extinguished, and that plaintiff's title to said land may be quieted. It is apparent from this statement of the relief asked, as well as from the evidence taken and submitted in the case, that the distinction between a dispute about the title to lands and a dispute about a boundary line has not been kept entirely in mind, nor observed in the trial of this suit. The authorities show that the confounding of these two questions has

often misled parties in seeking these remedies, and it is not surprising that the language of our statute has been deemed broad enough to include both remedies; but the recent decisions of this court are to the effect that the jurisdiction conferred by the statute is limited to the ascertainment of the boundary lines between the owners of adjacent lands, and cannot be extended to the determination of title: *Love* v. *Morrill,* 19 Or. 545 (24 Pac. Rep. 916); *King* v. *Brigham et al.* 23 Or. 262 (31 Pac. Rep. 601; 18 L. R. A. 361). Hence the evidence taken should be confined to the ascertainment of the boundary line; and evidence in relation to title, or to establish title, should be excluded, except as it may incidentally be involved in proof of boundary.

In the case at bar, the plaintiff deraigns his title from the grantors of the defendants, who are husband and wife. As owners of a donation land claim, the north half of which belonged to the defendant Nancy Caples, and the south half to the defendant Wm. Caples, they conveyed as a part of it the tract of land described in the complaint, by two deeds to Lent & McGrew, the grantors of the plaintiff. At the time of executing such conveyances, the division line of the donation claim of the defendants had not been surveyed and located. A part of the description of the land so conveyed runs as follows: ''Thence north twenty-five degrees fifteen minutes east, twenty-eight chains and thirty-three links, more or less, to a line which was known and called the division line between husband and wife; thence south seventy-one degrees east, seventeen chains and fifty links, more or less, to a stake in the west line," etc., which the plaintiff claims represents the division line between the donation land claim of the defendants, because it was so treated by them at the execution of the deeds to Lent & McGrew, and so stated and represented by the defendant Wm. Caples. The allegation of the plaintiff upon this point is, ''that said line described as the division line between husband and wife was never established as the division line be-

tween husband and wife, but that said line was so designated and described by said defendants in their deed to
the grantors of this plaintiff."

The defendants deny this, and claim that the boundary
line between the plaintiff and the defendants' lands is the
true division line between the north and south half of
the defendants' donation land claim, or between the husband's and wife's part thereof, and that this is the division
line that was designated in said deed to the plaintiff's
grantors, instead of the line described in the complaint.
It thus appears that the defendants' claim that the so-
called division line mentioned in the deed meant the true
division line between the north and south half of their
donation land claim, and that they only intended to convey to it; while the plaintiff claims that the so-called
division line was treated by the defendants, and represented by the defendant Wm. Caples, as the division line
of their donation claim, and that, as the calls of the deed
convey to it, they must have adopted such line and intended to convey to it.

To support their different contentions, evidence of all
that was said and done at the time of the sale of the land
and execution of the deeds by the parties, was introduced.
The evidence for the defendants tended to show that it
was the land of Wm. Caples that the defendants intended
to sell and convey, and not the land of Nancy Caples, his
wife, and that the line mentioned was the true division
line of their donation land claim, instead of the so-called
division line; that the line claimed by the plaintiff was
never recognized or treated by the defendants as the
division line between husband and wife, nor surveyed and
located as such.   On the other hand, while the evidence
for the plaintiff conceded that, at the date of the execution of the deeds to the grantors of the plaintiff, the
division line had not been surveyd and marked on the
ground, it tended to show that a line had been surveyed
and marked, which was by the defendants called a division
line, and treated by them as such, and that the defendant·

Wm. Caples stated and represented that the line to which
plaintiff now claims (the same being the division line
mentioned in his deed) was the division line, and that his
grantors, Lent & McGrew, at the time of the execution
of the last deed, believed such statements and represen-
tations to be true.

It is apparent, then, that we are asked to construe the
deed and determine, in the light of surrounding facts and
circumstances at the time of the sale and conveyance of
the land to plaintiff's grantors, as shown by the evidence,
whether the defendants meant by the so-called division
line mentioned in the deed the true division line of their
donation land claim, and intended to convey title to it; or
whether they must be considered to have adopted the so-
called division line as the dividing line of their donation
claim, and intended to convey title to it.    Just as one or
the other of these constructions may be given, will the
title move up or down, on·or off of Mrs. Caples' land, or
the title to the strip of land in dispute be lost or won.    In
fact, the question at issue is the title to the strip of land
between the true division line and the so-called division
line: *Dice* v. *McCauley*, 22 Or. 458 (30 Pac. Rep. 160).
The plaintiff claims that he bought it, and that he is the
owner of it as shown by his deed, while the defendants
deny this, and assert that the defendant Nancy Caples is
the owner of it, and that they only conveyed to the
division line of their donation claim.    The truth is, the
question about the division line played no part in the
mind of Mr. Lent (one of the plaintiff's grantors) when
the land was bought.    He says that he did not "under-
stand that we (Lent & McGrew) had anything to do with
the division line"; that "we bought to those stakes with-
out regard to where the division line was"; and that "we
accepted it in the deed because he said it was the division
line."    In short, that they had bought a certain quantity
of land, embraced within the description as set out, "re-
gardless of whose land it was, the husband's or wife's,"
and, therefore, owned it.

Statement of the case.

It does not seem to us that a suit of this character is the appropriate remedy for the determination of the question sought to be litigated, and, as a consequence, the decree must be reversed and the suit dismissed.

23  307
129  214

23  307
30  193

23  307
36  518

23  307
42  326

[Argued November 22, 1892; decided December 26, 1892.]