Submitted on briefs February 19, decided March 10, 1914.

## SMITH v. CAIN.

(139 Pac. 566.)

**Jury—Infringement of Right to Jury Trial—Remedy in Equity.**

1.   Section 518, L. O. L., provides that, where any controversy exists between owners of contiguous lands as to the location of a boundary, either party may maintain suit to determine the dividing line and have it marked upon the ground, does not purport to infringe the right of trial by jury guaranteed by Article I, Section 17 of the Constitution, but merely recognizes the common-law rule permitting resort to equity in cases of disputed boundary only when some additional circumstance gave it jurisdiction.

[As to suits to ascertain and declare boundaries, see note in 119 Am. St. Rep. 66.   As to equity jurisdiction in case of confusion of boundaries, see note in 15 Am. Dec. 745.]

**Jury—Right to Jury Trial—Boundary Dispute.**

2.   Where, in a suit to determine a disputed boundary, the real issue is which of two lines is meant by the deeds, the controversy relates to the title to the land between the lines, the parties are entitled to a trial by jury, and the suit must be dismissed.

From Marion: WILLIAM GALLOWAY, Judge.

Statement PER CURIAM.

This is a suit by C. M. Smith against J. L. Cain to ascertain the dividing line between the lands of the plaintiff and of the defendant, and to have the boundary, as determined by the court, marked by proper monuments upon the ground. The cause, being at issue, was tried, resulting in a decree dismissing the suit, without prejudice to the right to maintain an action of ejectment to determine the title to the disputed tract, and the plaintiff appeals.     AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the name of *Mr. Alva O. Condit.*

For respondent there was a brief over the names of *Mr. Peter H. D'Arcy* and *Mr. George G. Bingham.*

In Banc.    Opinion PER CURIAM.

The evidence shows that Mary E. Preston, from whom the parties derive title to their respective premises, was the owner in fee of the real property involved, and on April 17, 1909, she and her husband executed to J. F. Yates a deed conveying the following tract:

Beginning at a point on the south line of lot 1 in Barter's block in the town of Jefferson, Oregon, 125 feet east of the southwest corner of that lot; thence east 101½ feet; thence north 103 feet, more or less, to the millrace; thence west 101½ feet; and thence south, to the place of beginning.

Mrs. Preston and her husband on June 22, 1909, executed to the defendant a deed to a part of lot 1

in the block mentioned, describing the property as follows: Commencing at the northwest corner of such block and running thence south 50 feet; thence east 125 feet; thence north 50 feet; and thence west 125 feet, to the place of beginning.

J. F. Yates and his wife on March 16, 1910, executed to the plaintiff a deed wherein the real property described to be conveyed was the same as in the deed executed to him by Mrs. Preston. A plat received in evidence shows that the east line of defendant's land forms the west boundary of a part of the plaintiff's premises. The controversy respecting the dividing line arises from a dispute as to the places of beginning indicated in the deeds of the parties, the plaintiff contending that such points are located in the center of Main Street, while the defendant insists that the monuments should be 33 feet east thereof, and on the border of such highway. At the time Mrs. Preston executed the deeds referred to, no mark existed upon the ground indicating any dividing line. After the defendant secured his deed, he built a fence across what he asserts is the east end of his ground, thereby inclosing a tract which the plaintiff claims includes 33 by 50 feet of his land. The defendant having taken possession of such real property, the plaintiff thereupon instituted this suit for the purpose stated. The trial court predicated its decree upon the ground that the suit involved the title to the land so inclosed, and that, to recover the possession thereof as well as to determine the title thereto, an action at law afforded an adequate remedy.

It is argued by plaintiff's counsel that Section 518, L. O. L., declaring, in effect, that, where any controversy exists between owners of contiguous lands, concerning the location of a boundary, either party is authorized to maintain a suit to determine such dividing line and to have it marked upon the ground, and,

69 Or.—31

such being the case, an error was committed in dismissing the suit. At common law a mere dispute as to the boundary was not sufficient to authorize a court of equity to hear and determine a controversy of that kind, but there must have been some additional circumstances to confer jurisdiction of the subject matter, such as fraud on the part of the defendant whereby the dividing line had become obscure or lost, or that some relation existed between the parties, such as landlord and tenant, etc., or there must have been a necessity to resort to equity in order to prevent a multiplicity of suits: *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916); *King* v. *Brigham,* 23 Or. 262 (31 Pac. 601, 18 L. R. A. 361).

The organic law of the state guarantees to a party in all civil cases the right of trial by jury: Article I, § 17. Section 518, L. O. L., does not purport to infringe upon that prerogative, for the enactment is but a mere recognition of the practice prevailing at common law which permitted a resort to equity to determine a disputed boundary only when some additional circumstance gave that tribunal jurisdiction of the subject matter; the rule being general that, when a jury was demandable at common law, it may now be rightfully claimed: *Tribou* v. *Strowbridge,* 7 Or. 156; *Deane* v. *Willamette Bridge Co.,* 22 Or. 167 (29 Pac. 440, 15 L. R. A. 614); *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158). When the title to real property is involved, the parties are entitled to a trial of the question by a jury. Thus in *Miner* v. *Caples,* 23 Or. 303 (31 Pac. 655), which was a suit to locate a disputed boundary, the real issue was which of two lines was meant by a description in a deed, and, holding that the controversy related to the determining the title to land between the two lines the suit was dismissed.

The decision in the latter case is controlling herein, and hence the decree is affirmed.      AFFIRMED.