Argued June 27, affirmed July 25, 1916.

## NOLAN v. COOK.

(159 Pac. 810.)

**Boundaries—Determination—Decree—Title to Land.**

1. In a suit ostensibly to establish a division line, but in fact to establish title to a strip of land near the boundary, the court had power to decree that the plaintiff had no title to the strip, and that the defendant was the owner thereof, rather than merely to dismiss the suit.

> [As to suits to ascertain and declare boundaries, see note in 119 Am. St. Rep. 66.]

**Boundaries—Equity—Jurisdiction—Title to Land.**

2. Equity has no jurisdiction to say which of two lines is meant by a description in a deed, for this would be determining the title to land.

**Equity—Remedy at Law—Title to Land.**

3. Equity has no jurisdiction to settle titles, since one claiming title is entitled to a jury trial, and the remedy at law is complete.

**Boundaries—Purchase of Disputed Title—Suits Involving Title.**

4. No one can snoop among the deed records, find and buy a lawsuit involving realty, and expect a court of equity to award him a title under guise of settling a disputed boundary.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is a suit by A. E. Nolan against Vincent Cook and Frank L. Bunting, to establish a division line between realty alleged to be owned by the plaintiff and another tract said to belong to the defendants. The former states, in substance, that he is the owner in fee simple of a parcel of land lying south of and abutting upon what he avers is the division line between the wife's half and husband's half of the donation land claim of John B. Talbot and Sarah M. Talbot, his wife. He says the defendants own an adjoining tract on the north of that line; and that there is a dispute between the parties litigant concerning the location of the common boundary. He describes what he alleges is the division line of the Talbot claim, and prays for a decree establishing it as the common boundary between his and the defendants' holdings.

The other defendant did not appear, but the defendant Cook answering for himself, denies that the plaintiff is the owner of the property which he claims, and asserts ownership of the same in himself. He denies that the property, title to which is asserted by the plaintiff, is south of the division line in the Talbot donation, and alleges that it is all north of that boundary. He then traces title to himself by mesne conveyances from the government donees to the land claimed by the plaintiff, and alleges certain facts which he maintains should estop the latter from asking any relief in this suit. The reply admits certain portions of the answer and traverses others. The Circuit Court heard the case on the merits, made findings of fact and conclusions of law, and decreed as follows:

"That the plaintiff is not the owner in fee simple or otherwise, and has no right, title or interest in or to any part of the real property described in paragraph

I of plaintiff's complaint herein. * * And it is further considered, adjudged, and decreed that the defendant Vincent Cook is the owner in fee simple of the above-described premises. It is further considered, adjudged and decreed that the plaintiff is not entitled to any relief herein, and that the defendant Vincent Cook have and recover of and from the plaintiff A. E. Nolan, his costs and disbursements herein taxed and allowed."

The plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. B. J. Rowland* and *Mr. Oak Nolan,* with an oral argument by *Mr. Rowland.*

For respondents there was a brief over the names of *Messrs. Clark, Skulason & Clark* and *Mr. J. H. Middleton,* with an oral argument by *Mr. Alfred E. Clark.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The burden of the plaintiff's contention here is that the court erred in deciding that Cook, and not Nolan, is the owner of the land involved, and that all which rightly could have been done in any event was to enter a decree dismissing the suit.

1-4. The dispute disclosed is about the location of the division line of the Talbot claim so far as the same is a boundary. The defendant contends that it is coincident with the line running east and west through the quarter-section corner common to sections 8 and 9 in township 1 south, range 1 east, Willamette Meridian, while the plaintiff maintains that it is north of that government line and substantially parallel with it. It seems that plaintiff deraigns title through quitclaim deeds from parties who conveyed to

81 Or.—19

his predecessor in interest the land lying between those two lines. In order to qualify himself as a litigant in a suit to settle a disputed boundary, it was necessary for the plaintiff to allege that he was the owner of land bounded by the controverted line. It was proper for the defendant to deny this averment, and thus the title of the plaintiff was made the subject of a subsidiary issue in the case. If he had no title to any land abutting upon the line in question, he had no cause of suit. Therefore it was competent for the court to pass upon this issue, and to adjudicate it at least for the purposes of this case.

As taught in *Miner* v. *Caples,* 23 Or. 303 (31 Pac. 655), equity has no jurisdiction to say which of two lines is meant by a description in a deed, for this would be determining the title to the land between them. It is because a party seeking to recover land or defending against an attempt to recover it is entitled to a jury trial that equity has no jurisdiction to settle titles, the remedy at law being complete in such instances. This is well settled by such cases as *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916), and the numerous others decided following that precedent. No one can snoop among the deed records, find and buy a lawsuit involving realty, and expect a court of equity to award him a title under guise of settling a disputed boundary.

Really, the effect of the plaintiff's appeal is to call upon us to construe the decree rendered and to declare the extent to which it binds the parties. All we say on this point is that for the purposes of this suit it was regular for the court to decide the issue presented as to the title of the plaintiff, and consequently his right to maintain the suit. There is evidence in the record which justified the decision of the Circuit

Court.   It will be time enough for us to determine its effect upon the title when the question shall arise.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.