Argued January 8, affirmed January 22, 1918.

# COOK *v.* NOLAN.

(170 Pac. 306.)

**Judgment—Conclusiveness—Matters Concluded.**

1. Where in a former suit between the same parties it was decreed that defendants had no interest in the property involved, such decree is conclusive as to the interest of defendants in a subsequent suit to enjoin foreclosure of a mortgage given by one of the defendants.

[As to the conclusiveness of a judgment foreclosing a mortgage, see note in 18 **Am. St. Rep.** 790.]

From Multnomah: T. E. DUFFY, Judge.

This is a suit by Vincent Cook against Oak Nolan, A. E. Nolan, Annie E. Nolan, his wife, and Home Installment Company, a corporation, to enjoin the foreclosure of and to cancel a mortgage, and to quiet the title in plaintiff. From a decree in favor of plaintiff, defendants appeal. Affirmed.

For appellant there was a brief over the names of *Mr. B. J. Howland* and *Mr. Oak Nolan,* with an oral argument by *Mr. Howland.*

For respondents there was a brief over the names of *Mr. J. H. Middleton* and *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. M. H. Clark.*

Department 2.          Opinion PER CURIAM.

1. This suit involves the title to the same tract of land which was before this court in the case of *Nolan v. Cook,* 81 Or. 287 (159 Pac. 810). In that case it appeared that A. E. Nolan, the then plaintiff, and one of the defendants in the present case claimed title to the land now in controversy through quitclaim deeds from Keasey and others to Herbert A. Holmes, who conveyed to Oak Nolan, who conveyed the property

to Ross, who in turn conveyed to A. E. Nolan. It also appeared that the real party in interest was Oak Nolan, and that for reasons intimated in the opinion he procured the conveyances to be made in the names of the parties above recited, but that none of them had any beneficial interest in the property. The decree in that case is conclusive here upon all these parties. As to them it is conclusively settled that they had no interest in the property and that Cook was the owner thereof: *Robbins* v. *Chicago,* 4 Wall. (U. S.) 657 (18 L. Ed. 427); *Shoemake* v. *Finlayson,* 22 Wash. 12 (60 Pac. 50).

Previous to giving the mortgage in controversy Oak Nolan gave a mortgage upon the lands to one Nettie Jones, his sister, for the sum of $3,000, which mortgage he admits in his testimony here was without consideration and evidently given to complicate the title and embarrass plaintiff in any possible suit he might institute to clear it. Later he executed a mortgage for the sum of $2,500 to the defendant "Home Installment Company" which claims to be an innocent mortgagee for value. While the former suit was pending and before it had been decided by this court, the Home Installment Company began a suit to foreclose this mortgage. The president of the latter corporation was attorney for the Nolans in the suit of *Nolan* v. *Cook* and had full knowledge of the claim of Cook to the title to the property, but he was not made a party. Plaintiff became aware of the foreclosure suit and brought this suit to enjoin further proceedings thereunder and to cancel the mortgage and quiet his title. The evidence in the case at bar and in the case of *Nolan* v. *Cook,* 81 Or. 287 (159 Pac. 810), is substantially the same and we came to the conclusion in the course of our investigation in that case that the true

south line of Cook's land was identical with the north line of the Council Crest property as platted, and that there was no property upon which the deeds from various parties to Holmes could be effectual. The evidence now before us has not changed but on the contrary has strengthened that conviction. To discuss it in detail would be of no interest or advantage to anyone. Suffice it to say that in our opinion it fully sustains the findings of the lower court in favor of plaintiff, and the decree is therefore in all things affirmed.                                    AFFIRMED.