Argued October 9, affirmed November 8, 1967

# THE WESTERN BAPTIST HOME MISSION BOARD, *Appellant, v.* GRIGGS ET AL, *Respondents.*

433 P. 2d 252

*Harold A. Lewis* and *Lewis B. Hampton,* Beaverton, argued the cause for appellant. With them on the brief were Myatt, Bolliger & Lewis, Beaverton.

*Steve A. Tyler,* Junction City, argued the cause and filed the brief for respondents.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

WOODRICH, J. (Pro Tempore).

This is a suit to declare the defendant a trustee for the benefit of the plaintiff, to terminate the alleged trust, to reform a deed and quiet title to certain real property located near Eugene, Oregon. Plaintiff appeals from a decree dismissing its suit. Prior litigation between the plaintiff and the defendant Griggs involving the ownership of the same real property had terminated in a decree in favor of the defendant Griggs. The principal question on appeal is the effect of the prior litigation on the instant case.

Plaintiff is a corporation formed to assist new Baptist churches in their efforts to acquire church property. It was the purpose and practice of plaintiff to take title to new church property until the new church (also called a mission church) was able to become self-supporting. When the mission church became self-supporting, it was plaintiff's practice to deed the church property to the mission church.

For some time defendant Griggs had been president of plaintiff and plaintiff's predecessor, an unincorporated association. After defendant Griggs was voted out of office and membership in the plaintiff, a dispute arose over the ownership of the church property in Eugene. The property in question had been

purchased in 1952 on contract from Russell F. and Clara M. Yockey. The vendee named in the contract was "Reverend D. H. Griggs, Pastor, General Baptist Convention of the West, Home Mission Board." Except for the last instalment the purchase price was ultimately paid from Griggs' personal funds or funds solicited by Griggs. In March 1961 vendors Yockey executed and delivered a deed to plaintiff on the representation of plaintiff's agent that plaintiff was entitled to the deed. The deed named as grantee the "Western Baptist Home Mission Board, an Oregon Corporation." Approximately one month later Yockeys executed and delivered a second deed to the same property. This second deed named as grantee the defendant Griggs, "Pastor, General Baptist Convention of the West, Home Mission Board."

Litigation ensued in Lane county circuit court wherein the plaintiff in the instant case sued defendant Griggs and others, seeking to be declared legal owner of the property by reason of the March 1961 deed from Yockeys to plaintiff, seeking to have defendants declared to have no estate in the property, and seeking that defendants be forever barred from asserting any claim adverse to plaintiff's claim. Defedant Griggs cross-complained in the first suit and sought to be declared the only true and lawful owner of the property, and further sought the cancellation of plaintiff's deed. This litigation will be referred to as the "first suit."

The first suit was terminated by a decree dated October 22, 1963, "That the defendant, D. H. Griggs acquired fee simple title to * * *" the disputed property by the deed from Yockeys "to Reverend D. H. Griggs, Pastor, General Baptist Convention of the West, Home Mission Board," and *"That plaintiff has*

*no interest* in the above described real property except a lien created by this decree in the sum of  *  *  * ($479.65)  *  *  *." (Emphasis supplied.)

The problem in the instant case arises from the following additional facts. In January 1962 D. H. Griggs and wife executed and delivered a deed to the disputed property to "General Baptist Convention, Home Mission Board, D. H. Griggs and Lucille Slaughter, trustees."[1] The decree in the first suit contained the following provision:

## "III

"No determination is made of the effect of the deed from D. H. Griggs and Evelyn B. Griggs, husband and wife, to D. H. Griggs and Lucille Slaughter, trustees."

Plaintiff in the instant suit claims ownership as the beneficiary of a trust.[2] Plaintiff claims that the

---

[1] For clarity we set out the chronology of the conveyances at issue.

1) January 25, 1952  Land Sale Contract from Yockey to Griggs, Pastor, General Baptist Convention of the West, Home Mission Board.
2) March 7, 1961  Deed from Yockeys to plaintiff (Western Baptist Home Mission Board, Inc.).
3) April 26, 1961  Deed from Yockeys to Griggs, Pastor, General Baptist Convention of the West, Home Mission Board.
4) January 26, 1962  Deed from Griggs and wife to General Baptist Convention, Home Mission Board, D. H. Griggs and Lucille Slaughter Trustees.
5) October 22, 1963  Date of decree.
6) November 12, 1963  Deed from D. H. Griggs and Lucille Slaughter, Trustees of General Baptist Convention Home Mission Board to D. H. Griggs.

[2] In addition to the other relief requested, plaintiff sought the cancellation of the last conveyance, i.e., the deed of November 12, 1963, to defendant Griggs. No mention of this is made in the text of the opinion as plaintiff's right to any relief is predicated upon plaintiff's right to relitigate the trust issue.

trust arises, among other things, out of the trust language in the January 1962 deed, contributions alleged to have been made by plaintiff toward the purchase price of the disputed property, and by the similarity to the name of the plaintiff of the named grantee in the deed from defendant Griggs dated January 26, 1962. Defendant contends that plaintiff's claim was adjudicated in the first suit.

The doctrine of res judicata applies when a subsequent action is brought by one party against another party to a prior suit. If the two cases involve the same "claim, demand, or cause of action," then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incident to or essentially connected therewith either as a claim or a defense. *Wagner v. Savage, as Adm'r,* 195 Or 128, 147, 244 P2d 161 (1952); *Jarvy v. Mowrey,* 235 Or 579, 385 P2d 336 (1963). If the two cases involve different claims, demands, or causes of action, then the doctrine of collateral estoppel may apply. Under the doctrine of collateral estoppel the issue must have been actually litigated and necessarily determined in the first action before the judgment in the first suit operates as a bar. ORS 43.160; *State of Oregon v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956); *Ira v. Columbia Food Co. et al,* 226 Or 566, 360 P2d 622, 86 ALR2d 1378 (1961).

Both res judicata and collateral estoppel require that the parties to both actions be the same.[9] However, an identical alignment of the parties is not required. ORS 43.150 provides that the parties are the

[9] For exceptions to this requirement see Collins, Collateral Estoppel in Favor of Nonparties: A Defendant's "Fringe Benefit," 41 Or L Rev 30 (1961).

same when those between whom the evidence is offered were adverse in the former case and a judgment could have been made between them alone, though other parties were joined. Thus, the deletion of a party or parties from the prior suit or the addition of parties to the second suit will not defeat the application of res judicata or collateral estoppel. See *First Nat. Bank of Burns v. Buckland*, 130 Or 364, 280 P 331 (1929); *Neppach v. Jones*, 28 Or 286, 39 P 999, 42 P 519 (1895). Here, the only real controversy in both suits was between the plaintiff and the defendant Griggs. The identity of parties requirement is met in the instant case.

■■ One test as to whether two suits are based on the same cause of action is whether the second action is based upon the same transaction and the evidence needed to sustain the second action would have sustained the first. See Restatement, Judgments § 61 (1942); Schopflocher, What is a Single Cause of Action for the Purposes of the Doctrine of Res Judicata, 21 Or L Rev 319 (1942). Here, the evidence necessary to sustain plaintiff's second suit would have proved legal title in defendant subject to a trust for the benefit of the plaintiff in the first suit.

Thus, had plaintiff prevailed in its second suit it would have proved legal title in the defendant, the opposite of plaintiff's contention in the first suit. The evidence needed to sustain the second suit would have defeated, rather than sustaining plaintiff's first suit; hence, under the test above announced there is not identity of cause of suit.

If, however, the issue in the second suit was actually litigated and necessarily determined in the first suit the doctrine of collateral estoppel applies and the decree in the first suit will operate as a bar. It seems

clear that the question of the existence of a trust was actually litigated and necessarily determined adversely to plaintiff in the first suit. Defendant's cross-complaint put in issue the plaintiff's interests in the property, if any. A principal basis for the claimed trust was the deed of January 26, 1962, naming Griggs and Lucille Slaughter trustees. Lucille Slaughter's only connection with the litigation was being named in this deed. She was made a party defendant in the first suit. The January 26, 1962, deed was in evidence in the first suit. Much evidence concerning the existence of a trust was presented in the first suit. The transcript in the first suit is replete with evidence of plaintiff's claimed contributions to the purchase price of the property. It would seem that the trial judge in the first suit could not have determined "that plaintiff has no interest" in the property without determining that defendant did not hold as a trustee for the benefit of plaintiff. If plaintiff's *only* interest in the property was determined to be a small lien, of necessity plaintiff was determined not to hold equitable title. See *Cook v. Nolan,* 87 Or 228, 170 P 306 (1918).

■■ The plaintiff's strongest contention concerns the exception in the decree. As is stated in *Haney et al v. Neace-Stark Co. et al,* 109 Or 93, 119, 216 P 757, 219 P 190 (1923), a prior decree in a suit between the same parties which expressly omits to decide the issues submitted in the later suit does not constitute a prior adjudication as to such issues. However, the *Haney* case is not comparable to the present case. In *Haney,* the court refused to determine an issue because, as it stated, the pleadings were insufficient to sustain a decree adjudicating the issue. Here, on the other hand, with the issue of the January 26, 1962, deed properly before it, the court expressly determined

that the plaintiff had no interest in the property. Therefore, it must have determined the effect of the January 26, 1962, deed as between this plaintiff and this defendant. In his exception, the trial judge merely stated the result which would have followed as a matter of course (see *Elwert v. Reid,* 70 Or 318, 325, 139 P 918, 141 P 540 (1914)) : that the rights of third parties, other than the plaintiff, were not affected by the decree. There was some evidence in the first suit that, as a result of the January 26, 1962, deed, the defendant held the property in trust for a third party, i.e., Antiock Baptist Church. However, in his cross-complaint, the defendant prayed that the April 26, 1961, deed be declared the only true and lawful conveyance of the premises. The judge probably wanted to make it clear that his determination did not preclude the possibility that the defendant held in trust for Antiock Baptist Church or some other third party.

■ Finally, the same judge who decided the previous case heard the second case and held that res judicata operated as a bar. In *Barnes v. Anderson,* 108 Or 503, 512, 217 P 836 (1923), it was held that the fact that both suits were tried by the same judge, who made an unequivocal declaration that matters were previously adjudicated, was entitled to much weight in determining the question of whether the merits were passed upon in the former suit. The trial judge properly determined that the issues plaintiff seeks to litigate in the second suit were concluded by the decree in the first suit.

Affirmed.