Argued May 9, affirmed June 7, 1977

# WAXWING CEDAR PRODUCTS, LTD.,
## *Respondent,*
### *v.*
# KOENNECKE, *Appellant.*
## (TC 34-730, SC 24658)
### 564 P2d 1061

Darrell E. Bewley, Portland, argued the cause for appellant. With him on the brief were Niedermeyer and Bewley and Francis F. Yunker, Portland.

Theodore S. Bloom, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Bryson and Tompkins, Justices.

TOMPKINS, J., Pro Tempore.

**TOMPKINS, J.,** Pro Tempore.

This case involves the issue of whether a prior proceeding is res judicata in favor of the defendant or is collateral estoppel in favor of the plaintiff.

Plaintiff-lessee in this action sought a rebate of rent paid, alleging that the defendant-lessor had wrongfully withheld possession of real and personal property covered by the lease between the parties. The defendant answered by general denial, a plea in bar, affirmative defenses and a counterclaim. In the affirmative parts of his answer the defendant claimed that the plaintiff's action was barred by res judicata. For this purpose, the defendant set forth the pleadings, findings of fact, conclusions of law and judgment in the prior replevin action.

The plaintiff demurred to the plea in bar and affirmative portions of the answer which pled res judicata. The trial court sustained the demurrer and the defendant filed another answer.

In the new answer the defendant admitted the lease of the property and rental of $6,000 and $1,000 per month but denied the other allegations of the complaint which sought a rebate of the rent. For a first and separate answer and by way of a counterclaim, the defendant alleged the lease terminated August 30, 1971, and that the plaintiff held over for one day to the defendant's damage in the sum of $200. For a second and separate defense and by way of a counterclaim, the defendant alleged an oral extension of the lease until September 15, 1971, for the sum of $4,500 paid by a check later dishonored by the defendant. The answer concluded by a request for the award of $4,700 damages to the defendant.

Upon plaintiff's motion the trial court entered summary judgment for plaintiff based upon the collateral estoppel effect of the findings of fact and conclusions of law made in the earlier action. Defendant appeals, assigning as error the trial court's sustaining

[ 605 ]

of plaintiff's demurrer. Defendant asserts that plaintiff's present action is barred by the doctrine of res judicata.

In October 1970 the parties entered into a written lease of certain real and personal property constituting a sawmill and related equipment. Plaintiff-lessee agreed to pay a consideration of $6,000 a month. A subsequent oral agreement was made whereby plaintiff also leased a planing mill on the premises and a Hyster forklift for an additional consideration of $1,000 a month. It was also agreed that plaintiff would pay $500 a month for the use of defendant's accountant.

The controversy between these parties began on August 20, 1971, when the sawmill and some equipment were destroyed by fire. Although plaintiff's leasehold did not expire until September 15, 1971, defendant refused plaintiff permission to enter the property after the fire. As a result of these occurrences three separate lawsuits have been filed. *Koennecke v. Waxwing Cedar Prod.*, 273 Or 639, 543 P2d 669 (1975), resulted in reformation of the written lease but involved no issue relevant to the present litigation. In the prior replevin action between these parties, plaintiff sought to recover possession of approximately 1,000,000 board feet of lumber and logs and business records, along with damages for the withholding of this and other property subject to the lease. The defendant counterclaimed, seeking recovery on a check for $4,500 which plaintiff had given defendant to extend the term of the lease from August 31, 1971, to September 15, 1971. Payment on the check was stopped by plaintiff after the fire. Defendant also claimed damages for plaintiff's failure to leave the premises in good order and condition.

The replevin action was filed in the circuit court for Washington County and was entitled *Waxwing Cedar Products, Ltd. v. Glenn Koennecke* (No. 32-438). After a trial to the court, a judgment was entered for

[ 606 ]

plaintiff for $2,920.71 pursuant to the following findings of fact and conclusions of law made by the trial court:

"The Court makes the following Findings of Fact:

"I.

"The plaintiff and defendant entered into an agreement of lease as evidenced by plaintiff's Exhibit #1.

"II.

"Plaintiff and defendant also orally agreed that plaintiff would lease or rent the planing mill and a fork lift for the monthly rental of $1,000. It was also agreed that defendant's accountant would do plaintiff's accounting work and plaintiff would pay one-half his monthly salary which would approximate $500, to be paid at the end of the month in which the work was done.

"* * * * *

"IV.

"Plaintiff paid all monthly lease rentals under the written lease agreement, including the rental for August, 1971. Plaintiff also paid all rental which became due for the planing mill and fork lift, including the rental for August, 1971.

"* * * * *

"VIII.

"On August 18, 1971, plaintiff and defendant agreed that plaintiff would continue under the lease agreement until September 15, 1971, with rental for that additional period at $3,000. It was also agreed that plaintiff would continue to rent the planing mill and fork lift for the month of September, 1971, with rent at $1,000. It was also agreed that plaintiff would continue the use of the accountant's services and pay $500 therefor. The parties agreed that such continued leasing and rental would continue pursuant to the terms of the original lease agreement. Plaintiff delivered to defendant and defendant accepted plaintiff's check in the amount of $4,500 in payment of said rentals and accounting services for September.

"IX.

"On Friday, August 20, 1971, the sawmill was destroyed and the planing mill was damaged by fire. Mr.

[ 607 ]

W. J. Browne [plaintiff's agent] and defendant were on the premises shortly after the outbreak of the fire. The defendant demanded the keys to the office from Mr. Browne, refused Browne admittance to the office, and ejected Browne from the premises. The effect of the fire made it impossible for the sawmill or planing mill to be operated and used by the plaintiff.

"* * * * *

"That plaintiff was at all times material the owner of and entitled to the possession of approximately one million board feet of lumber and logs and business records of the plaintiff situated on the premises leased by plaintiff from the defendant pursuant to an agreement of lease as evidenced by plaintiff's Exhibit #1.

"That plaintiff was entitled to the use and possession of a fork lift until the expiration of the lease entered into between plaintiff and defendant, said agreement of lease evidenced by plaintiff's Exhibit #1.

"* * * * *

## "XVIII.

"Plaintiff employed a substitute fork lift at a reasonable cost of $520.71 in order to load lumber for movement to the pole yard. In order to move the lumber prior to August 31 it was necessary for plaintiff to reband 300M at $1.00 per M for a total cost of $300. In order to move the lumber prior to August 31 it was necessary for plaintiff to resort the lumber at a cost of $2,600. * * *

"* * * * *

## "XX.

"Plaintiff did not 'clean up' the premises upon removal of lumber. The reasonable cost of such 'clean up' was $500. Defendant's counterclaim of damage by reason of loss of carrier blocks, missing banding machine and missing lumber is not supported by a preponderance of the evidence.

"* * * * *

"Based upon the foregoing Findings of Fact the Court makes the following Conclusions of Law:

## "I.

"The fire of August 20, 1971, rendered the leased and rented premises destroyed or at least impossible to

operate, and therefore rental thereafter, including that for the month of September, was abated.

"II.

"The defendant wrongfully ejected the plaintiff from possession of the leased premises on August 20, 1971.

"III.

"Plaintiff was entitled to be refunded the payment of rental for the month of September, first on the grounds that such rental was abated as a result of the fire, and secondly that the plaintiff was entitled to rescind the rental agreement for September by reason of the fire and defendant's wrongful eviction. Plaintiff's action in stopping payment of the $4,500 did not wrongfully deprive defendant of any right or property or cause damage to defendant since defendant had no right or valid lien in said property.

"* * * * *

"That plaintiff is the owner and entitled to the possession of approximately one million board feet of lumber and logs and the business records of plaintiff, said property being situated on the premises leased from the defendant by plaintiff pursuant to an agreement of lease as evidenced by plaintiff's Exhibit #1, and the fork lift set forth in said lease until the expiration of said lease.

"* * * * *

"IV.

"Defendant wrongfully interfered with and deprived plaintiff of its quiet enjoyment of the leasehold premises to a substantial degree from August 20, 1971, to August 31, 1971, inclusive. Such action on the part of defendant caused plaintiff damage in the amount of $3,420.71 and defendant therefore is indebted to plaintiff for such amount.

"* * * * *

"VI.

"Plaintiff failed to leave the premises in good order and condition and therefore is indebted to defendant for cost of such clean up in the amount of $500.

"VII.

"Neither party shall be entitled to attorney's fees.

[ 609 ]

"VIII.

"A judgment order will be entered awarding plaintiff judgment against defendant in the amount of $2,920.71, together with plaintiff's costs herein."

The judgment in the replevin action was not appealed. Subsequently, plaintiff filed this action seeking rebate of the rent paid for the period during which defendant had withheld possession of the premises.

In allowing the motion for summary judgment, the trial court found:

"* * * that all of the issues necessary to sustain a judgment in favor of the plaintiff on its complaint herein have been decided favorably to the plaintiff in the previous action filed between the parties above set forth and the Court further finds that all of the issues that would be necessary to sustain a judgment in favor of the defendant set forth in its First and Separate Defense and Second and Separate Defense have been decided adversely to the defendant in the previous case filed between the parties above set forth, and that there are no genuine issues of fact to be tried save and except the matter of reasonable attorneys fees, if any, to be allowed to the plaintiff * * *,

"* * * * *."

A hearing was had and the court awarded attorney fees.

■■ Res judicata is a doctrine for enforcing the public policy of bringing litigation to an end. *Neil v. Tolman,* 12 Or 289, 294, 7 P 103 (1885). As was said in *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967):

"The doctrine of res judicata applies when a subsequent action is brought by one party against another party to a prior suit. If the two cases involve the same 'claim, demand, or cause of action,' then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incident to or essentially connected therewith either as a claim or a defense. *Wagner v. Savage, as Adm'r,* 195 Or 128, 147, 244 P2d

161 (1952); *Jarvy v. Mowrey,* 235 Or 579, 385 P2d 336 (1963). * * *"

The question presented by this appeal is whether plaintiff's claim for a rent rebate is the same cause of action as the claim presented in the replevin action. The test recently adopted by this court in *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975), defines cause of action for res judicata purposes as "an aggregate of operative facts which compose a single occasion for judicial relief * * *." 271 Or at 196.[1] This test applies only prospectively and since both the replevin action and the present litigation were commenced before the *Dean* case, the test does not apply. *Del Monte Meat Co., Inc. v. Hurt,* 277 Or 615, 561 P2d 627 (1977). The test used prior to the *Dean* case was the "same evidence" test referred to in *Western Baptist Mission v. Griggs, supra.* In order to decide if res judicata applies under the "same evidence" test, one must determine "whether the second action is based upon the same transaction and the evidence needed to sustain the second action would have sustained the first. * * *" 248 Or at 210.

In order to prevail in the action for a rent rebate, the plaintiff had to show the lease, the payment of rent for August, and the wrongful withholding of possession of the leased property by defendant from August 20, 1971, through the end of the month. On the other hand, in order to prove the action for replevin, plaintiff had to show that the property to be recovered was rightfully plaintiff's and that defendant had wrongfully taken and retained possession. The evidence necessary to sustain the action for the rent rebate would not have been sufficient to sustain the replevin action since plaintiff's right to possession of the goods to be

[1] Besides overruling the holding in *Wagner v. Savage, as Adm'r,* 195 Or 128, 244 P2d 161 (1952), and the dictum in *Jarvy v. Mowrey,* 235 Or 579, 385 P2d 336 (1963), *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975), expressed a yearning for a better criteria in light of recent procedure and practice developments to decide the meaning-content of "cause of action," "claim," "demand or issue," for res judicata purposes.

replevied would not have been established. Therefore, the earlier replevin action does not act as a bar to the present litigation under the same evidence test. This being so, the trial court committed no error in sustaining plaintiff's demurrer to defendant's plea in bar and answer based on res judicata.

■ Since, under the same evidence test, plaintiff's present action for a rent rebate is not the same cause of action for res judicata purposes as the earlier replevin action, we must determine if collateral estoppel applies:

> "* * * If the two cases involve different claims, demands, or causes of action, then the doctrine of collateral estoppel may apply. Under the doctrine of collateral estoppel the issue must have been actually litigated and necessarily determined in the first action before the judgment in the first suit operates as a bar. ORS 43.160; *State of Oregon v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956); *Ira v. Columbia Food Co. et al,* 226 Or 566, 360 P2d 622, 86 ALR2d 1378 (1961)." *Western Baptist Mission v. Griggs, supra,* 248 Or at 209.

A review of the findings of fact and conclusions of law shows that all relevant issues of fact concerning the action for a rent rebate were determined adversely to defendant. Since the defendant made no assignment of error based on the way collateral estoppel was applied, we need go no further on the subject. All material issues of fact had been determined and summary judgment was proper. ORS 18.105.

Affirmed.