Argued and submitted April 27, affirmed October 26, 1983

# LENSKE,
*Appellant,*

*v.*

# STAATZ,
*Respondent.*

(A 82-01-00204; CA A26751)

670 P2d 1070

Ivan J. Vesely, Portland, argued the cause for appellant. On the brief was Vesely & Holden, Portland.

James T. Marquoit, Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals a judgment entered pursuant to an order granting defendant's motion for summary judgment on the ground that the suit was barred by a judgment against plaintiff in a prior action. We affirm.

In this case plaintiff sought $5,500 in *quantum meruit* for services rendered as a business consultant. In the previous action, which resulted in a judgment against plaintiff, he had joined as defendants members of a law firm and Staatz, the defendant in this case. The complaint in that case was captioned "Tortious breaching of contract" and alleged that, as a business consultant, plaintiff had helped Staatz sell real property which was about to be foreclosed on, that she had orally assigned to him a contingent interest in the property, that she had netted $11,000 from the sale and that she had not paid plaintiff for his services. He alleged that the lawyer defendants had maliciously induced Staatz to ignore her assignment to him. That complaint sought $5,500 "compensatory damages against all defendants" and $100,000 punitive damages against the lawyers. In the present action plaintiff seeks $5,500 in *quantum meruit* for the same services on which the prior action was based.

Defendant moved for summary judgment in this case on the ground of *res judicata.* She attached to her motion an affidavit of her attorney and certain documents relating to the previous lawsuit: plaintiff's complaint, her demurrer, an order of dismissal, plaintiff's notice of appeal, plaintiff's brief on appeal and our order notifying the parties that the judgment had been affirmed without opinion.

The defendants' demurrer in the earlier case set forth three grounds: (1) misjoinder of parties defendant; (2) misjoinder of causes of action; and (3) failure to state a cause of action against Staatz. The order sustaining the demurrer did not disclose the basis of the ruling. The responding brief on appeal of defendants in the prior action argued that the ruling was supportable on any of the grounds urged. They argued that, if the prior complaint alleged only a tort action, defendant Staatz, as obligor on the contract, could not be made a defendant in the action for tortious interference with the contract. If, they argued, the complaint alleged a breach of contract as well as a tort, then the two causes must be

separately stated. Former ORS 16.221(3). All of the defendants could not be held liable on the same cause. The lawyer defendants also contended that the law partnership could not be sued, but that all partners had to be individually joined as defendants in the tort action, which was not done. They also contended that the complaint did not state a cause of action in contract, because the contract pleaded was indefinite as to its terms and unenforceable.

After the demurrers were sustained in the prior action, plaintiff was given leave to replead. When he declined, the complaint was dismissed. We affirmed the judgment on appeal. 42 Or App 837, 601 P2d 917, *rev den* 288 Or 253 (1979).

In the prior action plaintiff could have repleaded separate causes of action for contract and tort and could have cured the defects in the pleadings raised by the demurrers. Having failed to replead the cause of action in contract, and having allowed the case to proceed to judgment in favor of all defendants, he is now barred from bringing an action in *quantum meruit* against Staatz. The action he now brings could have been brought as part of the action he unsuccessfully attempted to plead in the prior case. *Waxwing Cedar Products v. Koennecke,* 278 Or 603, 564 P2d 1061 (1977); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975); *Sibold v. Sibold,* 217 Or 27, 340 P2d 974 (1959).

Affirmed.