Argued November 24, affirmed December 29, 1975

ERWIN ET UX, *Appellants, v.* CITY OF
PORTLAND ET AL (No. 398-232) (CA 3947),
*Respondents.*

543 P2d 695

*Warde H. Erwin,* Portland, argued the cause and filed the briefs for appellants.

*Thomas R. Williams,* Senior Deputy City Attorney, Portland, argued the cause for respondent City of Portland. With him on the brief was John W. Osburn, City Attorney, Portland.

*William B. Crow,* Portland, argued the cause for respondents Bayless. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener and Roy F. Gorski, Jr., Portland.

Before LANGTRY, Presiding Judge, and THORNTON and LEE, Judges.

LANGTRY, J.

Plaintiffs initiated this declaratory action on December 26, 1973 seeking to bar defendants Craig and Sandra Bayless from constructing a dwelling upon property abutting that occupied by their own home, contending that as designed the structure violated applicable "lot depth" and "front yard setback" ordinances to which no valid variance had been obtained. Plaintiffs specifically requested an order declaring the "rights, duties, and status" of the parties under the cited ordinances, and requiring the city of Portland to recall any building permit issued and to

take "such specific further action as may be necessary to assure compliance" with the planning and zoning code. Plaintiffs appeal following the entry of a decree denying them relief and awarding defendants their costs and disbursements.

Among the special findings and conclusions rendered by the circuit court was the following:

"* * * [Judgment in the] case entitled 'Warde H. Erwin et al, Plaintiffs, vs. Craig Bayless et al, Defendants', Multnomah County, Oregon Circuit Court Case No. 395-333 finally determined all the substantial issues in the present suit and plaintiffs herein are estopped and barred from maintaining the claims set forth in their complaint in this suit."

Case No. 395-333 was a suit to enjoin the construction of the Bayless house and to recover damages for an alleged breach of a deed restriction. It was filed before the case at hand, and it included as a "Third Cause of Action" the allegation that the proposed dwelling would meet neither the lot depth nor the minimum front yard setback requirements of applicable city ordinances. As an affirmative defense to this specific allegation defendants Bayless in that suit in turn alleged that the proposed structure was to be built in accordance with the terms of a planning and zoning code variance previously approved by the Zoning Code Variance Committee of the city of Portland. Plaintiffs generally denied this affirmative defense.

The circuit court found that the construction undertaken by Mr. and Mrs. Bayless had, in fact, violated a restriction upon their deed, held that plaintiffs had prevailed on their "First Cause of Action" and entered a decree requiring defendants to remove the structure or to pay damages to plaintiffs in the amount

of $10,000. That decree provided in relevant part that:

> "Neither party requested special findings and therefore none are entered herein.

> "Plaintiffs Erwin shall prevail on their first cause of suit and Lot 7, Hessler Hills, Multnomah County, Oregon is restricted to one single-family dwelling, and *plaintiffs Erwin shall not prevail on the remainder of said causes* [which 'said causes' related to the alleged violations of an easement in favor of plaintiffs and of the applicable zoning ordinances]." (Emphasis supplied.)

Both parties appealed the decree in Case No. 395-333 to the Supreme Court, defendants contending among other things that plaintiffs had lacked standing to enforce the deed restriction relied upon, plaintiffs arguing that the circuit court had erred in entering a general finding against them on their second and third causes of action.

Having reviewed the case de novo as a court sitting in equity, the Supreme Court held that as owners of a portion of a lot subject to a deed restriction the plaintiffs were not entitled to the benefit of that restriction as to other portions of the same lot, and reversed the decree of the trial court. In its opinion the Supreme Court noted that plaintiffs had, by cross-appealing, also raised the question of whether defendants' house violated either or both an easement of record or zoning requirements of the city of Portland. With regard to this issue the court said:

> "* * * The trial court found that the setback and depth requirements were subject to a variance granted by the city and that there was no evidence of a violation of the easement. With these conclusions we agree * * *." *Erwin v. Bayless,* 272 Or 324, 327, 536 P2d 1242 (1975).

█ The doctrine of res judicata (ORS 43.130-43.160) serves to protect parties from the burdens involved in protracted litigation, to conserve judicial resources, and to preserve respect for final judgments by preventing a party to an action from relitigating, in a subsequent proceeding, a controversy once "determined." Thus, where a subsequent action is brought by one party against another party to a prior suit on the same "claim, demand, or cause of action" previously asserted,

"* * * then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incident to or essentially connected therewith either as a claim or a defense * * *." *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967).

*See also* ORS 43.160; *Barber v. Gladden,* 215 Or 129, 332 P2d 641 (1958), *cert denied* 359 US 948 (1959); *Bennett v. City of Salem,* 192 Or 531, 235 P2d 772 (1951).

█ The present suit was based upon a cause of action previously alleged, litigated and decided in Case No. 395-333, *Erwin v. Bayless, supra.* Plaintiffs had ample opportunity to fully litigate their cause of action against defendants Bayless in the prior case. The effect of the doctrine of res judicata, applicable in this case, cannot be avoided by making the city of Portland an additional defendant in another suit. ORS 43.150; *Western Baptist Mission v. Griggs, supra,* 248 Or at 210; *Neppach v. Jones,* 28 Or 286, 39 P 999, 42 P 519 (1895).

Affirmed.