Argued and submitted November 15, 1984, affirmed January 23, 1985

DOHR et ux,
*Appellants,*

*v.*

MARQUARDT et al,
*Respondents.*

(83-0915C; CA A30713)

694 P2d 576

Elliott Lynn, Beaverton, argued the cause and filed the brief for appellants.

Roger Tilbury, Beaverton, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In an earlier action between these parties, defendants sued to rescind a real estate contract in which they were purchasers. Plaintiffs, the sellers, raised affirmative defenses and counterclaims. Defendants moved for and were granted a partial summary judgment that they were entitled to rescind the contract but reserving the issue of damages for future determination. An appeal by the sellers from that partial summary judgment was dismissed by this court on the ground that it was not a final judgment under ORCP 67B. The parties on this appeal agree that that case is still pending in the trial court and that, therefore, the judgment in the rescission action is still not final.

After we dismissed the appeal in the rescission action, plaintiffs filed the present action, asserting claims against defendants and alleging only the matters decided against them in the rescission action.[1] In the present action, defendants moved for summary judgment in the following language:

"The matters raised in this complaint are precisely the same as the issues which were raised and decided by Judges Milnes and Pihl in the earlier case of *Marquardt v. Dohr.*

"Copies of the earlier Complaint, Motion for Partial Summary Judgment, and Order Granting Partial Summary Judgment, as well as the Motion to Dismiss filed by third party defendant, E. G. Stassens, and Order Granting the same are attached as Exhibits A, B, C, D, & E respectively, and are adopted by reference. In addition, an attempt to take the matter to the Oregon Court of Appeals was earlier attempted by the Dohrs, and rejected by the court as premature. A copy of the order granting a dismissal of the appeal is attached as Exhibit F. Although the merits were not reached by the Court of Appeals, it is apparent that the Dohrs should not be permitted to abuse the judicial process by an endless resurrection of issues already decided by this court."

In their memorandum in support of their motion for summary judgment, they argued that the present action was barred by

---

[1] Plaintiffs in this appeal agreed on oral argument that the partial summary judgment entered against them in the rescission action would be a bar to this action after entry of a final judgment.

*res judicata.* In that contention, they are incorrect. A judgment, to be *res judicata,* must be final. *See Erwin v. City of Portland,* 23 Or App 734, 738, 543 P2d 695 (1975).

Under ORCP 47H and 67B, a partial summary judgment not containing an express determination that there is no just reason for delay and expressly directing the entry of judgment is not final and is subject to revision at any time before entry of a judgment disposing of all the claims. Because the damage issue is still pending in the rescission action, that judgment cannot be final.

■　Although the argument to the trial court was limited to the theory that defendants were entitled to a summary judgment because plaintiffs were barred by *res judicata,* and although it appears from the trial court's letter to the parties advising of his decision that he accepted that theory, the motion for summary judgment was not expressly so limited. The motion fairly raised the issue that the action should be dismissed because there was another action pending between the same parties for the same cause. *See* ORCP 21A(3). The record is clear that, on that basis, the trial court's judgment dismissing the action was correct.

Affirmed.