# IN THE OREGON TAX COURT

LINCOLN COUNTY and
Carl A. Sanders, Lincoln County Assessor
*v.*
## DEPARTMENT OF REVENUE
## TIMES MIRROR LAND AND TIMBER COMPANY,
*Intervenor.*
(TC 2676)

Wayne Belmont, Lincoln County Counsel, represented plaintiffs.

Bonni Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Charles J. Pruitt, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, represented intervenor.

Intervenor's Motion for Summary Judgment granted March 1, 1988.

### CARL N. BYERS, Judge.

Intervenor has moved for summary judgment, claiming that plaintiffs are barred by the doctrine of res judicata from litigating whether the subject property, a quarry, qualifies as forestland.

The subject property consists of five acres which are part of approximately 504 acres of timberland owned for many years by Publishers Paper Company. In February 1986, Publishers transferred all the property to its parent, The Times Mirror Co., which immediately transferred it to intervenor, a wholly owned subsidiary. The same employees continue to manage the land.

The total property had been designated as forestland since the inception of the Western Oregon Forest Land and Severance Tax in 1977 (the "Act"). In the spring of 1984, plaintiffs declassified the subject five acres due to its status as a quarry and gravel pit. The declassification was appealed to the Department of Revenue. After a hearing, the department determined that the subject property was an isolated opening within a large scale timber operation. It found that the quarrying of rock on the subject property, used solely for construction of forest roads, directly furthered the intent of the Act. The department found the disqualification was improper and ordered plaintiffs to restore the forestland designation. (Opinion and Order No. 4-1729-21, clarified by Opinion and Order No. 4-1729-21(A).) Plaintiffs timely appealed the department's Opinion and Order to the Tax Court but voluntarily dismissed the appeal in December 1985, prior to trial.

In June 1986, plaintiffs again declassified the subject property from forestland status. No rock had been quarried from the site since 1984. This declassification was appealed to the department and upon finding "no change in the factual basis since the 1984 appeal" the department ordered plaintiffs to reinstate the subject property to forestland designation. (Opinion and Order No. 86-2014.)

Plaintiffs appealed this determination to the Tax Court and intervenor has alleged res judicata applies to the administrative determination. The parties agree that there

has been no change of circumstances since the first appeal to the department, resulting in the 1985 order.

█    In the absence of specific Oregon case authority, it is appropriate to consider how other authorities have dealt with this issue. In *United States v. Utah Constr. & Min. Co.,* 384 US 394, 422, 86 S Ct 1545, 16 L Ed 2d 642 (1966), the court held:

> "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."

K. Davis, *Administrative Law Treatise* § 21:2, notes that the subject of administrative res judicata did not begin until *United States v. Utah Constr. & Min. Co., supra,* was decided. He points out that the court's holding in that case was carefully crafted in that each detail has significance.

In *Stuckey v. Weinberger,* a disability benefits case, a federal court noted that res judicata, when applied to administrative decisions, is not as rigid as it is with courts.

> "Nevertheless, the doctrine retains full force when applied to adjudications of 'past facts, where the second proceeding involves the same claim or the same transaction'." (488 F2d 904, 911 (CA 9 1973).)

In reaching this decision, the court quoted part of the Social Security Act which provides: "The findings and decisions of the Secretary after a hearing shall be binding upon all * * *." The court stated that plaintiff could have sought judicial review when the administrative decision was originally entered. Since he failed to do so, the decision became binding upon him.

In *Willamette View Manor v. Peet,* 252 Or 142, 144, 448 P2d 546 (1968), the court applied the doctrine of res judicata regarding a determination by the Department of Employment. The decision was based on ORS 657.683(2) which provided that subsequent hearings need not be granted if subsequent appeals are based on grounds previously considered.

█    Plaintiffs cite *Mittleman v. Commission,* 2 OTR 105 (1965), for the proposition that each tax year stands on its own and, therefore, the doctrine of res judicata is not applicable. In

that case, the court found the value of property for one year is not conclusive as to the value for a subsequent year. The Supreme Court in *Lethin v. Dept. of Revenue,* 278 Or 201, 563 P2d 687 (1977), agreed with the above finding but stated there is no reason in principle why an earlier determination should not be given a preclusive effect in:

> "[S]uccessive tax litigation * * * as long as the fact determined in the prior case was necessary to the earlier judgment * * *.
>
> "* * * * *
>
> "Administrative determinations are sometimes given such [collateral estoppel] effect, depending on the formality of the administrative procedure and other factors, * * *." 278 Or at 205-06.

■    *Restatement (Second) Of Judgments* § 83 (1982), advocates that res judicata should apply to an adjudicative determination by an administrative tribunal when the parties had opportunity to use procedure resembling court procedure. In the present case, at the first department hearing both parties were represented by attorneys, both presented witnesses and the record was held open after the hearing to allow submission of briefs. This procedure resembled court procedure and afforded the parties "an adequate opportunity to litigate." Following the hearing, an Opinion and Order was issued reinstating the subject property's designation as forestland.

■    ORS 305.115(4) provides that a department order of this type shall "determine finally all the questions of law and fact arising in the appeal" and "shall be binding * * * until reversed or modified upon review by the Oregon Tax Court."

■    According to *Dohr v. Marquardt,* 71 Or App 765, 694 P2d 576 (1985), judgment must be final to be res judicata. The department's order became final when the county voluntarily withdrew the complaint from the Tax Court.

The parties agree that there has been no change in the use of the subject property and that no relevant statutory changes have transpired since the first appeal regarding this issue. Plaintiffs had a full and fair opportunity to litigate the issue in the administrative proceeding and declined judicial review. This court agrees with the finding in *Sierra Club v. Block,* 576 F Supp 959, 965 (CA 9 1983), that the integrity of

the administrative process is threatened when agencies' intentions and participants' expectations as to the finality of administrative decisions are not upheld in the face of subsequent challenges. The court finds relitigation in the instant case is barred by res judicata and hereby grants intervenor's motion for summary judgment.

Costs to intervenor.