Argued and submitted December 9, 1988, affirmed March 22, 1989

FISHER et ux,
*Respondents,*

*v.*

BOWMAN et ux,
*Appellants.*

(87-1735-J-3; CA A48346)

770 P2d 932

Douglas M. Engle, Ashland, argued the cause for appellants. With him on the briefs was Howser & Munsell, P.C., Ashland.

Daniel C. Thorndike, Medford, argued the cause for respondents. With him on the brief was Blackhurst, Hornecker, Hassen & Thorndike and Ervin B. Hogan, Medford.

Before Buttler, Presiding Judge, and Warren and Newman, Judges.

WARREN, J.

## WARREN, J.

Defendants appeal a judgment awarding plaintiff the reasonable rental value of real property. We affirm.

In April, 1983, plaintiffs and defendants entered into an earnest money agreement under which defendants would purchase real property owned by plaintiffs. Defendants' obligation to buy was contingent on their obtaining financing. Pursuant to the agreement, defendants moved onto the property. Defendants did not secure financing to purchase the property but continued to reside on it.

In June, 1984, John Zimmerlee, Sr., who held a mortgage on the subject property, commenced an action against plaintiffs to foreclose. He joined defendant Harold Bowman but did not join his wife.[1] In that action, plaintiffs filed a cross-claim and third-party complaint, both of which stated claims for breach of contract against Harold Bowman only[2] and asked for damages. Both the cross-claim and the third-party complaint were substantially identical. The court found for Harold Bowman on the third-party complaint and, having determined "all issues," entered a "final judgment"[3] dismissing the third-party complaint with prejudice. The cross-claim was not mentioned. Implicit in the judgment was a holding that the earnest money agreement was not enforceable, because the condition of obtaining financing was not met. Plaintiffs appealed the judgment on the third-party claim and lost. *Zimmerlee v. Fisher,* 77 Or App 568, 713 P2d 694 (1986).

Plaintiffs then brought the complaint in this case, alleging that defendants were in possession of plaintiffs' property from April, 1983, until July, 1985, and praying for payment of the reasonable rental value. Defendants moved for summary judgment, arguing that the claim was barred by *res judicata,* because it was based on the same transaction as the prior case. The trial court denied the motion and found defendants liable for $10,000 in rent.

Defendants first argue that the court erred in denying

---

[1] The purpose of joining Harold Bowman was to subordinate any interest of his in the subject property to Zimmerlee's interest under plaintiffs' mortgage.

[2] Plaintiffs could have but did not join defendant Erma Bowman.

[3] The judgment did not comply with ORCP 67B.

their motion for summary judgment, contending that, under the doctrine of *res judicata,* final judgment on an express contract bars a second action on an implied contract relating to the same property. They argue both that the claim had already been adjudicated, so that this action is merely a different remedy for the same claim, and that, even if the claim had not actually been adjudicated, all claims available to plaintiffs arising from the sale of the property should have been asserted in the previous action.

*Res judicata* prevents relitigation in a later action of claims arising from a particular transaction that resulted in final judgment, regardless of whether the claims were actually litigated in the previous action. *Rennie v. Freeway Transport,* 294 Or 319, 656 P2d 919 (1982). Because all the claims of all the parties were not adjudicated in the prior action, the judgment was subject to modification at any time. ORCP 67B. The trial court "judgment" did not dispose of the cross-claim. Even though the cross-claim was substantially identical to the third-party claim, it was not dealt with in the purported judgment, and so the judgment was not final. ORCP 67B; *see Maduff Mortgage Corporation v. Deloitte Haskins & Sells,* 83 Or App 15, 19-22, 730 P2d 558, *rev den* 303 Or 74 (1986). Because there was no final judgment in the prior case, the purported judgment has no *res judicata* effect in this case.[4] *See Dohr v. Marquardt,* 71 Or App 765, 768, 694 P2d 576 (1985). It follows that plaintiffs' claim for the reasonable rental value in this action was not precluded and that the trial court did not err in denying defendants' motion for summary judgment.

Defendants' second assignment of error, that the trial court erred in excluding evidence that plaintiffs were in arrears on their mortgage, has no merit.

Affirmed.

---

[4] The judgment in the prior case was not a final judgment and is without *res judicata* effect (and, incidentally, provided no jurisdiction for our appellate review). The trial court, however, retains jurisidction over the subject matter and the parties and, therefore, the purported judgment remains subject to further proceedings in the trial court. *See* ORCP 67B and *Ketcham v. Selles,* 304 Or 529, 748 P2d 67 (1987).