FISHER et ux,
*Respondents,*

*v.*

BOWMAN et ux,
*Appellants.*

(87-1735-J-3; CA A48346)

776 P2d 575

Douglas M. Engle and Howser & Munsell, P.C., Ashland, for petition.

Before Buttler, Presiding Judge, and Warren and Newman, Judges.

WARREN, J.

## WARREN, J.

1.     Appellants petition for review of our opinion. 95 Or App 625, 770 P2d 932 (1989). We treat the petition as one for reconsideration and allow it, because we erroneously stated that the trial court's judgment granting appellant summary judgment on the third-party claim for breach of contract in an earlier case was not a final judgment and, on that basis, held that *res judicata* does not bar this action. In fact, that judgment complied with ORCP 67B, so that it was final and has *res judicata* effect. We hold, however, that the *res judicata* effect of that judgment does not bar this action, because the present claim was not and could not have been included in the third-party complaint.

We repeat the facts, because they are essential to our determination. In 1983, plaintiffs and defendants (appellants) entered into an earnest money agreement under which appellants would purchase real property owned by plaintiffs. Appellants' obligation to buy was contingent on their obtaining financing. Pursuant to the agreement, they moved onto the property; they did not secure financing, but continued to reside on the property.

In 1984, Zimmerlee, who held a mortgage on the property, commenced a foreclosure action against plaintiffs. He joined appellant Harold Bowman but did not join his wife, Erma.[1] In that action, plaintiffs filed a cross-claim and third-party complaint that were substantially identical and stated claims for breach of contract against Harold only[2] and asked for damages. Harold moved for summary judgment on the third-party complaint only. The court granted the motion and directed that a final judgment be entered dismissing only the third-party complaint with prejudice, using proper ORCP 67B language.[3] That judgment did not mention the cross-claim or any other claims. Implicit in the judgment was a holding that the earnest money agreement was not enforceable, because

---

[1] The purpose of joining Harold was to subordinate any interest of his in the subject property to Zimmerlee's interest under plaintiffs' mortgage.

[2] Plaintiffs could have but did not join defendant Erma Bowman.

[3] The judgment provided: "[Because] all issues have now been determined, there is no just reason for delay in the entry of a final judgment, and the Court hereby directing that final judgment be entered * * *." It was that judgment that we erroneously stated did not comply with ORCP 67B.

the condition of obtaining financing had not been met. Plaintiffs appealed the judgment on the third-party claim and lost. *Zimmerlee v. Fisher,* 77 Or App 568, 713 P2d 694 (1986). Zimmerlee then won the foreclosure case, and the court entered a "trial judgment," which neither contained ORCP 67B language nor mentioned plaintiffs' cross-claim.

Plaintiffs then sued appellants in this case, alleging that appellants were in possession of plaintiffs' property from April, 1983, until July, 1985, and praying for payment of the reasonable rental value. Appellants moved for a directed verdict, arguing that the claim was barred by *res judicata,* because it was based on the same transaction as the ORCP 67B judgment at issue in *Zimmerlee v. Fisher, supra.* The trial court denied the motion and the jury found appellants liable for $10,000 in rent.

Appellants argue that the trial court erred in denying their motion, contending that, under the doctrine of *res judicata,* final judgment on an express contract bars a second action on an implied contract relating to the same property. Even assuming that a claim for the rental value of the use of property is an alternate remedy to an action to enforce a land sale agreement, there are other problems with appellants' *res judicata* argument.

**2.**     First, plaintiffs argue that a claim for reasonable rent could not have been brought in the previous action as a third-party complaint under ORCP 22C(1), because the liability for rent does not derive from or depend on plaintiffs' liability to Zimmerlee on the mortgage.[4] Because there is no Oregon case law on this point, we look to federal case law interpreting FRCP 14(a), on which the Oregon rule was based. One requirement for a third-party complaint is that a "third-party [defendant]'s liability is in some way dependant upon the outcome of the main claim, and the third-party [defendant]'s liability is secondary or derivative." *United States v. One 1977 Mercedes Benz,* 708 F2d 444 (9th Cir 1983). In this case,

---

[4] ORCP 22C(1) states in relevant part:

"After commencement of the action, a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff as a matter of right * * *.*" (Emphasis supplied.)

appellants' liability for reasonable rent did not depend on whether Zimmerlee's action to foreclose plaintiffs' interest in the property was successful. For that reason the rent claim is not derivative of and could not have properly been brought in the prior action.

**3.** Claim preclusion does not apply when the procedural system does not permit a plaintiff to claim all possible remedies in one action. *See Restatement (Second) Judgments* § 25, *comment f,* § 26 *comment c* (1982). Because ORCP 22C(1) would not have permitted plaintiffs to bring the rent claim as a third-party claim in the previous action, the final judgment on the third-party claim is not a bar to bringing the rent claim in this action.

The status of the cross-claim in the previous action presents a different problem. Because no judgment mentioned the cross-claim, and the last judgment in the case did not use ORCP 67B language, there never was a final judgment on the cross-claim. Even if the rent claim could have been brought as a cross-claim in that action, the rent claim is not precluded in this action, because the cross-claim was not finally adjudicated.[5]

Reconsideration allowed; former opinion withdrawn; affirmed.

---

[5] ORCP 22B(1)(b) allows cross-claims related to any property that is the subject matter of an action brought by a plaintiff.

"In any action where two or more parties are joined as defendants, any defendant may in such defendant's answer allege a cross-claim against any other defendant. A cross-claim asserted against a codefendant must be one existing in favor of the defendant asserting the cross-claim and against another defendant, between whom a separate judgment might be had in the action and shall be: (a) one arising out of the occurrence or transaction set forth in the complaint; or (b) related to any property that is the subject matter of the action brought by plaintiff."