# IN THE OREGON TAX COURT

## ENTERPRISE RENT-A-CAR COMPANY OF OREGON,
an Oregon corporation

*v.*

## DEPARTMENT OF REVENUE

(TC 3174)

Bryan P. Murphy, Tooze Shenker Holloway & Duden, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 6, 1992.

**CARL N. BYERS, Judge.**

Plaintiff appealed the true cash value of its real property to defendant. Defendant dismissed plaintiff's petition as moot and plaintiff appealed to this court. The matter is now before the court on cross Motions for Summary Judgment.

The subject property was assessed at $251,800 for the assessment date of January 1, 1990. On that date, the property was owned by The Senn Family Trust (Trust). The Trust did not appeal the assessment to the board of equalization. However, it did appeal to defendant on December 29,

1990, for the tax years 1988, 1989 and 1990 under ORS 306.115. On January 30, 1991, defendant requested additional information in support of the petition for reduction in assessed value. On February 13, 1991, plaintiff purchased the property from the Trust. The Trust did not tell plaintiff about the appeal nor did it respond to the defendant's request for information. On May 28, 1991, defendant dismissed the Trust's appeal. It appears that it was then plaintiff learned of the Trust's appeal and its dismissal. On May 29, 1991, plaintiff appealed the 1990 tax year to defendant under ORS 306.115. Defendant considered its order in the Trust's appeal binding on plaintiff and on October 14, 1991, dismissed plaintiff's petition.

The cross Motions for Summary Judgment raise the issue of whether plaintiff, as a subsequent purchaser of the property, is foreclosed from appealing to defendant under ORS 306.115. Plaintiff advances three arguments in support of its position. Although plaintiff's arguments are enterprising in nature, they do not address the underlying principle.

**GOOD AND SUFFICIENT CAUSE**

ORS 306.115 authorizes the department to change the assessment of property if it determines certain conditions exist. One of the conditions is as follows:

> "The assessor or taxpayer has no statutory right of appeal remaining and the Department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal; * * *." ORS 306.115(3)(a)(A).[1]

■ Plaintiff maintains that it had good and sufficient cause for failing to appeal to the board of equalization. However, the reason plaintiff gives for its failing to appeal is that it was unaware of the Trust's appeal to defendant. That may be the reason plaintiff did not continue as successor in interest on the Trust's appeal, but it is not the reason plaintiff failed to appeal to the board of equalization. The simple reason plaintiff did not appeal to the board of equalization is because plaintiff was not the owner when an appeal had to be filed. Plaintiff had no interest or standing to appeal at that time. If

---

[1] Citations to Oregon Revised Statutes are to the 1989 Replacement Part unless otherwise noted.

a subsequent owner does not have an interest in the property until after the period for appeal has expired, the subsequent owner can never show good and sufficient cause for failing to appeal timely.

## GROSS ERROR

Under ORS 306.115(3)(a)(B), the department may correct the roll if it determines that there is a gross error in the assessment.[2] However, that provision is not applicable if the property is nonresidential and a notice of increased value was sent in accordance with ORS 308.280. ORS 306.115 (3)(b). In this case, the subject property is nonresidential and the county's questionnaire shows that the notice was given. Plaintiff challenges the strength of that evidence, but plaintiff's conflicting evidence is just as weak. However, plaintiff's argument is irrelevant because of the preclusive effect of defendant's order in the Trust's appeal.

## PRECLUSIVE PRIOR ORDER

Defendant dismissed plaintiff's petition because it had already issued an order for the same property for the same tax year. That order was not appealed and became final. Under ORS 305.115(4), such an order "is binding upon the taxpayer, all county officers and all other persons affected thereby * * *." As a subsequent purchaser, plaintiff is a person affected by the department's prior order.

Citing *Lincoln County v. Dept. of Rev.*, 11 OTR 17 (1988), plaintiff argues that ORS 305.115(4) does not apply since the Trust's appeal was dismissed without a hearing on the merits. That case is not on point. The "adequate opportunity to litigate" mentioned in *Lincoln County* was one of the conditions the court found necessary to apply *res judicata* to an administrative decision. We are not concerned here with the judicial doctrine of *res judicata*, but with an express legislative direction that an order binds all interested parties. Plaintiff seems to assume that because the Trust failed to prosecute its appeal with diligence, this somehow makes ORS 305.115(4) inapplicable. It does not.

---

[2] The 1991 legislature deleted gross error appeals for nonresidential property. *See* Or Laws 1991, ch 459, § 32. However, residential property may still appeal using a gross error standard. *See* ORS 306.116 (1991 Replacement Part).

■ ■     In summary, if an owner of property appeals its assessed value to the Department of Revenue, and the department issues an order which becomes final, that order binds subsequent owners as well as the other parties mentioned by ORS 305.115(4). It also precludes any appeals as to that same tax year under other remedy statutes such as ORS 306.115. The remedy of a subsequent owner is to appeal a subsequent year. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted.

Costs to defendant.