# IN THE OREGON TAX COURT

## OHIO STATE LIFE INSURANCE CO.
*v.*
## DEPARTMENT OF REVENUE
(TC 3254)

Christopher K. Robinson, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 30, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals the assessed value of its property as of January 1, 1989, and January 1, 1990. Defendant moved for summary judgment. The court has considered the written and oral arguments of the parties.

The subject property is a six-story office building in downtown Portland. During 1989 and 1990, the building was owned by Commercial Securities, doing business as CS-

Oregon Ltd. (Commercial Securities). During those years, plaintiff held a mortgage on the property. For each of the years, the Multnomah County Assessor increased the assessed value of the property and sent notices of such increase to Commercial Securities. Commercial Securities did not appeal the assessed value to the board of equalization. More important to plaintiff, Commercial Securities did not pay its obligations and plaintiff was required to foreclose its mortgage lien.

In connection with acquiring ownership of the property through foreclosure, plaintiff had the property appraised. The appraisal indicated that the true cash value of the property was substantially less than the assessed value. Plaintiff also had both an architectural study and engineering evaluation prepared. These studies indicated that the cost of necessary repairs was substantial. It is undisputed that these conditions existed during the years 1989 and 1990.

In light of this information, plaintiff appealed to defendant for relief under its supervisory power. ORS 306.115.[1] The statute authorizes defendant to correct the assessment for a property for the current assessment year and the two assessment years immediately preceding the current year if:

(a)   The department determines good and sufficient cause exists for the failure to pursue the normal appeal;

(b)   The department discovers a gross error in value; or

(c)   The department discovers other reason to correct the roll which it deems necessary. ORS 306.115(3)(a).

Plaintiff claims relief under two of the three conditions; each will be discussed in more detail below.

Before discussing plaintiff's claims in detail, it is appropriate to consider ORS 306.115 in its administrative context.

"ORS 306.115 is a grant of supervisory power to defendant. That grant authorizes defendant to 'do any act or give any order' it deems necessary so all property may be taxed or

---

[1] All citations to Oregon Revised Statutes and Oregon Administrative Rules are to the 1987 Replacement Part unless otherwise noted.

exempted according to law. When a taxpayer petitions defendant under ORS 306.115, it is not 'appealing' in the usual sense from an action of an assessor or board of equalization. It is helping defendant to 'discover' a reason to correct the tax roll. ORS 306.115 does not establish any appeal rights for a taxpayer. The department merely utilizes petitions by interested persons as a means of having the need for correction brought to its attention. More important, defendant is not limited to acting upon taxpayer petitions. Defendant is charged by law with the duty to correct errors regardless of how it may discover them." *FSLIC v. Dept. of Rev.*, 11 OTR 389, 391 (1990) (footnote and citation omitted).

## GOOD AND SUFFICIENT CAUSE

ORS 306.115(3)(a)(A) authorizes the department to correct an assessment for a property if for that tax year:

"The assessor or taxpayer has no statutory right of appeal remaining and the department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal; * * *."

The phrase "good and sufficient cause" was borrowed from ORS 307.475, which provides for hardship exceptions to the filing requirements of property tax exemptions. Accordingly, OAR 150-306.115(3)(a)(B) adopts the interpretation of the phrase as set forth in OAR 150-307.475.

" 'Good and sufficient cause' is an extraordinary circumstance beyond the control of the taxpayer, or the taxpayer's agent or representative, which causes a late filing." OAR 150-307.475(2).

■ The good and sufficient cause provision of ORS 306.115 assumes the taxpayer had standing to appeal during the regular appeal period. Consequently, this court has held that a subsequent owner can never show good and sufficient cause because the subsequent owner could not have appealed during the regular appeal period. *Enterprise Rent-A-Car Co. v. Dept. of Rev.*, 12 OTR 259, 260-67 (1992). The same rule must be applied to secured lenders who obtain property through foreclosure after the regular appeal period has expired. Secured lenders have no standing to appeal property

values during the regular appeal period. Therefore, they cannot show they had a good reason for failing to appeal.[2]

## DISCOVERY OF REASON TO CORRECT THE ROLL

Defendant may also correct the roll if:

"The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal." ORS 306.115(3)(a)(C).

Defendant's rule sets forth two categories:

"(i)    There is an extraordinary circumstance concerning the assessment and taxation of the subject property. * * *

"* * * * *

"(ii)    The parties to the appeal agree to facts which indicate it is likely that an error exists on the roll." OAR 150-306.115(3)(b)(B)(i), (ii).

■    It should be noted that, under the second category, it is not required that the parties agree there is an error on the roll. It merely requires the parties to agree on facts. It is left to defendant to determine whether those facts indicate that it is likely an error exists on the roll.

Plaintiff claims the second category implicitly imposes a duty on the assessor to consider facts presented by the taxpayer. Plaintiff concedes the assessor is not required to agree, but believes the statute requires the assessor to consider the facts in good faith. If the assessor agrees to the facts, then the taxpayer may present those facts to defendant in a petition for relief under ORS 306.115.

Plaintiff complains that the assessor refused to even consider the facts presented to him. Plaintiff asserts that the assessor's office policy is to refuse to consider any facts where a notice of increase in value was previously sent to the

---

[2] The legislature may have recognized that a subsequent purchaser or an adequately secured lender are not at risk for property taxes during the regular appeal period and allowing recovery of a tax refund through retroactive appeals could result in a windfall to them.

property owner. Plaintiff argues this refusal to consider the facts precludes the possibility of an agreement, which in turn deprives the taxpayer of a possible avenue of appeal under ORS 306.115.

Defendant denies plaintiff's assertions, claiming the assessor did consider the facts and merely did not agree.[3] This conflict constitutes a factual dispute. If plaintiff is correct that the assessor has a duty to consider the information, the court cannot grant defendant's motion for summary judgment.

■　The court finds the assessor does not have a duty to consider information submitted after the regular appeal period has expired. There is nothing in the statute or the rule to suggest that the assessor has such an obligation.

Assessors work under time deadlines. As a matter of public policy, an assessor's office should be willing to consider information submitted by taxpayers and others which may be helpful to it in performing its duty. However, it is not unreasonable for an assessor to require information to be submitted on a timely basis. If available, information should be submitted before the assessments are made. Delay in the submission of such information merely complicates the process and results in a waste of government resources.

The court recognizes that information may not be discovered until after the appeal period expires, as occurred here. In such cases, it is a question of the assessor's resources and discretion as to how that information will be received. While it may be desirable to accommodate individual taxpayers, the assessor's duty is to the general public.

Plaintiff claims that when a taxpayer brings information to the assessor's office after the regular appeal period has expired, the assessor is obligated to examine and evaluate that information and then determine if the assessor agrees with certain facts. The court does not believe the legislature intended to empower individual taxpayers to impose such

---

[3] The discrepancies between the testimony of Mr. Sanderson at the hearing and his affidavit submitted in connection with this motion do raise some concern. Defendant explains that Mr. Sanderson examined the information *after* the hearing. If true, such an attitude is certainly not in the best interests of the public or consistent with the assessor's stated policy of serving the public.

conditions on the assessors after the normal appeal period has expired.

## CONCLUSION

The court finds plaintiff did not have standing to contest the assessed value of the subject property during the regular appeal period. Therefore, plaintiff cannot show good and sufficient cause for failing to timely appeal.

The court also finds the assessor did not have a duty to examine information submitted by the taxpayer after the regular appeal period expired. Consequently, the factual dispute between the parties as to whether the assessor did or did not examine the materials is irrelevant. Based on these findings, the court determines that defendant's Motion for Summary Judgment should be granted. Now therefore,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment is granted. Defendant to recover its costs.