IN THE OREGON TAX COURT
MAGISTRATE DIVISION

UNITED STATES NATIONAL BANK,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE
and Washington County Assessor,
*Defendants.*
(TC-MD 982731A)

W. Scott Phinney, Lake Oswego, filed the motion for Plaintiff (taxpayer).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant Department of Revenue (the department).

Roy Routledge, Jr., appraiser with the Washington County Assessor's office, appeared on behalf of Defendant Washington County Assessor (the county).

Decision rendered January 25, 2000.

**SCOT A . SIDERAS, Presiding Magistrate.**

This appeal is from the Department of Revenue's decision to refuse to exercise its supervisory power for the 1994-95 and 1995-96 tax years as to commercial property, located in Washington County, and identified by Account Nos. R105022, R105031, and R105040.

Plaintiff (taxpayer) appeared through its counsel, W. Scott Phinney. Defendant, Department of Revenue (the department), was represented by Rochelle Nedeau, Assistant Attorney General, Department of Justice; and Defendant, Washington County Assessor (the county), was represented by Roy Routledge Jr., appraiser with the assessor's office.

STATEMENT OF FACTS

The property at issue is located at 9400 SW Beaverton-Hillsdale Highway in Beaverton, Oregon. Known as the Valley Plaza, it is a mixed-use development with a troubled history. For the 1994-95 tax year, its total real market value on the roll for all accounts was $6,090,060. The aggregate roll value for the 1995-96 tax year came to $5,531,620. In September 1996 the property sold for $4,000,000.

On May 5, 1998, the department began proceedings to examine taxpayer's appeals as to the property. Taxpayer had filed two sets of appeals. The first appeal, for the 1996-97 tax year, was a timely appeal from the decision of the county board of equalization to sustain the roll value of the property at $5,614,750. The second set of appeals was for the two tax years now before the court. Taxpayer had requested the agency to use its supervisory power, found in ORS 306.115,[1] to correct the rolls for the 1994-95 and 1995-96 tax years.

The transcript of the department's proceedings runs to 137 pages. The exhibits total 396 pages. The thrust of taxpayer's case was that the sale of the subject property was an arm's-length transaction that reliably demonstrated the market value of the property. The county's retort was that the sale was an atypical transaction.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1993.

The department issued its decision on July 17, 1998. The agency concluded that the appeal should be granted for the 1996-97 tax year, and ordered that the roll be reduced to $4,000,000. The agency went on to find this was not a situation where ORS 306.115 called for a hearing to determine the value of the property for the 1994-95 and 1995-96 tax years. After reviewing taxpayer's and the county's presentations as to the September 1996 sale for $4,000,000,[2] the agency concluded "[t]he department finds no evidence of agreement between the petitioner and the county to any facts for the 1994-95 and 1995-96 tax years."[3]

## ANALYSIS

The starting point of this analysis is ORS 306.115.[4] The specific question before the court is whether, within the meaning of ORS 306.115(3), the agency ought to have discovered, "* * * reason to correct the roll which, in its discretion, it

---

[2] *In re Washington Springs / United States National Bank*, Opinion and Order Nos. 97-3504 and 97-4183, July 17, 1998, at 2, 3.

[3] *Id.* at 4.

[4] The relevant portions of ORS 306.115 provide as follows:

"(1) The Department of Revenue shall exercise general supervision and control over the system of property taxation throughout the state. The department may do any act or give any order to any public officer or employee that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States. Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section.

"* * * * *

"(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal.

"(4) Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the department may determine whether any of the conditions specified in subsection (3) of this section exist in a particular case. If the department determines that one of the conditions specified does exist, the department shall hold a conference to determine whether to order a change or correction in the roll."

deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

■ The department has set out, in OAR 150-306.115, the standard by which it will determine whether or not to exercise that statutory discretion to conform the roll. OAR 150-306.115(3)(b) declares that "[t]he department will conform or correct the roll under ORS 306.115(3) when it finds that the facts require such an action after considering the substantive issue in an appeal." OAR 150-306.115(3)(b)(A) states that "[t]he substantive issue in an appeal will be considered under ORS 306.115(3)(b) when: * * * (ii) [t]he parties to the appeal agree to facts which indicate it is likely that an error exists on the roll."

■ To agree is "to concur in * * *: admit." *Webster's Third New Int'l Dictionary* 43 (unabridged ed 1961). Did the parties agree to facts as to the subject property, which indicates it is likely that an error exists on the roll? The conclusion of the department's hearing officer was that there was no evidence of agreement. The court cannot support that finding. The record is replete with evidence that taxpayer and the county agreed that the subject property sold, in September of 1996, for $4,000,000.[5]

Taxpayer and the county emphatically disagreed, however, as to whether or not that sale was a reliable indicator of the property's value for the years at issue. However, noting such a disagreement is not enough to discharge the department's responsibility under its administrative rule. Under OAR 150-306.115, once the sale has been demonstrated to be an event that the parties agreed occurred, it is the department's responsibility to go on to determine, in the reasoned judgment of the agency, whether that sale indicates

---

[5] The court specifically rejects, as unsupported by the record, the Opinion and Order's statement that there is "no evidence of agreement between the petitioner and the county to any facts * * *." *In re Washington Springs* at 4. Such a statement is inconsistent with the Opinion and Order's three pages of preceding discussion, which demonstrate beyond dispute that taxpayer and the department agreed that a sale occurred. In being clearly wrong, it is reversible. *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130 (1975) and *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293, 302 (1976) ("ignoring the factual presentation made at the hearing would be arbitrary and capricious on the part of the administrator * * *").

it is likely that an error exists on the roll. OAR 150-306.115(3)(b)(ii).

■ That is not a new proposition. Other cases of this court have clearly established that "[t]he question is not whether the assessor agrees there may be an error on the roll. The question is whether the assessor agrees to facts. **It is left to the department to determine whether those facts indicate that it is likely an error exists on the roll.**'" *McGill v. Dept. of Rev.*, 14 OTR 40, 43 (1996), *quoting Ohio State Life Ins. Co. v. Dept. of Rev.*, 12 OTR 423, 426 (1993) (emphasis added).

The department did not determine whether the sale demonstrated an error exists on the rolls for the 1994-95 and 1995-96 tax years. Instead, the department discussed how "[c]ounty appraisals, stipulations, or board orders for one year do not infer agreement for other years."[6] That discussion does not come close to discharging the agency's obligation under OAR 150-306.115. This appeal must be remanded to the agency for decision making consistent with its administrative rule.[7]

## CONCLUSION

IT IS THE DECISION OF THIS COURT that this matter must be remanded to the agency. Defendant Department of Revenue shall determine whether or not the fact that a sale occurred as to the subject property in September 1996, as agreed by Plaintiff and Defendant Washington County, indicated it is likely that an error existed on the rolls for the 1994-95 and 1995-96 tax years.

IT IS FURTHER DECIDED that Plaintiff's Motion for Summary Judgment is granted to the extent of remand only. Defendant Department of Revenue's Motion for Summary Judgment is denied.

---

[6] *In re Washington Springs* at 4.

[7] In view of this decision, the court will not reach Plaintiff's other allegations, among which are asserted more minor areas of agreement between Plaintiff and the county.