DECISION
This case comes before the court on cross motions for summary judgment. Plaintiff, Willamette Valley Estates LLC, an Oregon limited liability company, appeals the decision of Defendant Oregon Department of Revenue (Department), to exercise its supervisory authority and order an increase in the land RMV of Plaintiff's property for the 2007-08 tax year. Plaintiff alleges that the Department violated the constitutional protections of Measure 50 by allowing maximum assessed value to increase more than three percent, and alternatively, that the Department abused its discretion in three respects in exercising its supervisory power under ORS 306.115 and the corresponding administrative rule.[1]
Defendants disagree.
 I. STATEMENT OF FACTS
The property at issue is an apartment complex located in Salem, Oregon, identified as assessor's account number R22411 (the Property). Plaintiff timely appealed the Property's tax *Page 2 
year 2007-08 real market value (RMV) to the Board of Property Tax Appeals (BOPTA). On February 26, 2008, BOPTA mailed an Order sustaining the Marion County Assessor's values on the tax roll.
On March 31, 2008, Plaintiff filed its appeal of the RMV of the Property's improvements to the Magistrate Division of the Oregon Tax Court. Willamette Estates, II LLC v. Marion County Assessor, TC-MD 080387D, WL 136972. Plaintiff did not appeal the Property's land RMV or the Property's total RMV in the Magistrate Case.
On January 21, 2009, the Magistrate issued a Decision (Magistrate Decision) reducing the property's improvement RMV from $14,784,740 to $7,309,000. (Magistrate Decision at 9, 10.) The court accepted Plaintiff's method for determining the improvement RMV. Under that method, Plaintiff subtracted its appraiser's land RMV estimate from the parties' agreed-upon total RMV. (Id. at 8.) However, the court in that case did not determine the Property's land RMV or, for that matter, the Property's total RMV. Rather, the court's Decision states "that the improvement real market value identified as Account R22411 for tax year 2007-08 is $7,309,000." (Id. at 10.) The effect of the court's reduction to the improvement RMV in that case nonetheless impacted the total RMV, because total RMV is, by statute, the sum of a property's component values, typically land and improvements, but can include machinery and equipment, etc. ORS 308.215(1) (requiring that the assessment roll separately reflect all components of value, including land RMV, improvement RMV, and total RMV).
The Assessor did not appeal the Magistrate Decision and on March 31, 3009, the Magistrate Division issued a Judgment making the Magistrate's Decision final.
On or about April 16, 2009, the Assessor filed a property appeal petition with the Department, requesting that the Department increase the Property's land RMV from $1,002,840 *Page 3 
to $5,000,000. The Department accepted jurisdiction pursuant to ORS 306.115 based on the written submissions of the parties, and subsequently increased the RMV of the land for the 2007-08 tax year without holding a merits conference. The Department's September 23, 2009, Decision (Department's Decision) increased the Property's land RMV to $5 million. In so doing, the Department disregarded Plaintiff's request for a merits conference. The Department's Decision also increased the Property's total RMV from $8,311,840 to $12,309,000.
 II. ANALYSIS
A. Statutory Overview
ORS 306.115[2] grants the Department general supervision and control over the state's system of property assessment and taxation. The statute authorizes the Department to change or correct an assessment on the roll within limited time periods and under certain circumstances. The relevant portion of the statute provides:
 "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal.
 "(4) Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the Department may determine whether any of the conditions specified in subsection (3) of this section exist in a particular case. If the department determines that one of the conditions specified does exist, the department shall hold a conference to determine whether to order a change or correction to the roll."
ORS 306.115 (emphasis added). *Page 4 
The Department's reach under the statute in terms of the tax years it can consider is not at issue in this case. Rather, the dispute centers on the actions the Department can and did take when it increased the land RMV and total RMV for the Property.
The Department has promulgated an administrative rule to outline the contours of ORS 306.115. The rule begins by noting that relief under the statute is "an extraordinary remedy." OAR 150-306.115(1).[3] That rule further provides that the Department will only consider the substantive issue in a petition if the petitioner establishes that the jurisdictional requirements in ORS 306.115 and section (4) of the rule have been met. OAR 150-306.115(3). The rule provides parenthetical examples of what constitutes a "substantive issue," and the examples include the value of property. Id. This case concerns property value.
Looking specifically at the provisions in the rule pertaining to the Department's consideration of the substantive issue, OAR 150-306.115(3)(d) provides:
 "[i]f the department determines that it has authority under ORS 306.115(3) to consider the substantive issue in the appeal, it will hold a merits conference, if necessary, to consider the substantive issue." OAR 150-306.115(3)(d)."
(Emphasis added.)
OAR 150-306.115 provides in relevant part:
 "(4) The department will consider the substantive issue in the petition only when:
 "* * * * *
 "(b) The department determines that an error on the roll is likely as indicated by at least one of the following standards:
 "(A) The parties to the petition agree to facts indicating a likely error[.]" *Page 5 
The rule does not require that the parties agree that there is an error on the roll, but only that the parties agree to facts.Ohio State Life Ins. Co. v. Dept. of Rev.,12 OTR 423, 426 (1993). Further, the parties do not need to agree to all facts. See United States National Bank v. Dept. of Rev.,16 OTR-MD 193, 196-97 (2000).
In this case, the Assessor filed a petition with the Department indicating, among other things, that "the parties to the appeal agree to facts that indicate there is a likely error on the roll[.]" (Record at 64.[4]) By way of explanation in Section E of the petition, the Assessor explained that "the decision in case TC-MD 080387D document[s] the agreement of all parties to a real market value of $12,309,000 for Marion County Account R22411." (Id. at 65.) That petition further states that the Magistrate Decision in TC-MD 080387D "states the land value used by the Assessor's Office was too low." The petition further stated that "[a]s a result* * *, the improvement value was decreased without ordering an increase in the land value, creating an error in the tax roll." (Id.) The Assessor's petition concluded by requesting an increase in the tax year 2007-08 land RMV to $5 million. (Id.)
On September 23, 2009, the Department issued a written determination, Conference Decision No. 09-0048, increasing the land RMV from $1,002,840 to $5 million, and the total RMV from $8,311,840 to $12,309,000. (Id. at 4.)
B. Standard of Review — Abuse of Discretion
When the court reviews a decision of the Department under ORS 306.115, it does so for abuse of discretion. Resolution TrustCorp. v. Dept. of Rev., 13 OTR 276, 280 (1995). An agency, such as the department, abuses its discretion when it acts "capriciously or arrive[s] at a *Page 6 
conclusion which was clearly wrong." Martin Bros. v. TaxCommission,252 Or 331, 338, 449 P2d 430 (1969) (citation omitted). That is a fairly high standard. Further, an agency abuses its discretion when it, "does not act upon the facts presented to it or fails toobtain the factual data necessary for a proper result." RogueRiver Pack. v. Dept. of Rev.,6 OTR 293, 301 (1976) (emphasis added). At the same time, the court will not substitute its judgment for the judgment of the agency.Id. at 298.
The court's review is limited to determining, based solely on the evidence presented to the Department, whether the Department abused its discretion. ADC Kentox v. Dept. of Rev.,19 OTR 91, 99-100 (2006).
In this case, the Department determined that the parties agreed to one key fact that indicated there was likely in error on the roll. The Department's Conference Decision states in relevant part that "the taxpayer affirmatively asserted and the County stipulated to a value of $12,309,000 before the Oregon Tax Court for the same property and tax year before the department." (Record at 3.) The Magistrate Decision clearly indicates on page 2 that "Plaintiff concluded that the subject property's real market value is $12,309,000." (Record at 67.) The magistrate in that case, TC-MD 080387D, relied on the plaintiff's appraisal. (Record at 67.) The Magistrate Decision then states that "Defendant stated it was willing to stipulate to a real market value of $12,309,000 for the subject property." (Id.) The Department then noted in its Conference Decision that "the total RMV on the roll is $8,311,840." (Id. at 3.) Having noted that the Tax Court in the Magistrate Case found an improvement RMV of $7,309,000, the Department determined that "it is a matter of simple mathematics for the Department to determine the necessary correction." (Id. at 4.) The Department's correction increased the RMV of the land to $5 million. (Id.) *Page 7 
The question before this court now is whether the Department abused its discretion. The court is of the opinion that it did. Subsection (4) of ORS 306.115 requires the Department to hold a conference if it "discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law[.]" The statute provides:
 "If the department determines that one of the conditions specified does exist, the department shall hold a conference to determine whether to order a change or correction in the roll."
ORS 306.115(4) (emphasis added).
Admittedly, the Department's regulation provides the Department with more discretion by including the words "if necessary" in the paragraph that addresses when the Department will hold a "merits conference * * * to consider the substantive issue." OAR 150-306.115(3)(d).[5] However, while the regulation might appear at first blush to conflict with the statute, there are practical reasons for the Department's more permissive language of the rule. There are instances when, in the context of a petition to the Department under ORS 306.115, the parties not only agree tofacts indicating the likelihood of an error on the roll, but agree as to what the value on the roll should be. In that instance, if the Department finds the parties' agreement to be reasonable and supported by the facts and law, a hearing would be superfluous.
However, where one party petitions the Department for a correction to the roll, and the other party disagrees, which is what happened in the earlier Magistrate Division case, TC-MD 080387D, which was followed by the County's petition to the Department, the Department is bound by the language of the statute to hold a conference before determining whether to order a *Page 8 
change or correction in the roll. See generally, Thomas CreekLumber Log Co. v. Dept. of Rev., 19 OTR 103, 106 (2006),citing McGill v. Dept. of Rev., 14 OTR 40 (1996). In response to the Assessor's petition to the Department, the taxpayer's representative argued that "the taxpayer's agreement to the total RMV of $12,309,000 in Willamette Estates, II LLC was only for the purpose of determining the RMV of the improvements. The parties did not agree as to the RMV of the improvements or the RMV of the land." (Record at 2.) According to the Conference Decision, the taxpayer's representative "further assert[ed] that the Magistrate's decision establishing the RMV of the improvements does not constitute an agreement by the parties." (Id. at 3.)
It is not entirely clear to the court that a determination of land RMV and total RMV was a matter of "simple mathematics," as the conference officer determined. (Id. at 4.) As noted above, in the Magistrate Division case, the plaintiff's appraiser estimated a total RMV as part of the appraiser's determination of the improvement RMV, in a case where only the RMV of the improvement was at issue. The plaintiff's appraiser estimated the improvement RMV by subtracting his land RMV estimate (comprised of land and on site developments, which he valued separately and then combined for a "total" land RMV) from his total RMV estimate. (WilliametteEstates, TC-MD 080387D at 4.) In the end, the tax court only determined the RMV of the improvement. There was, strictly speaking, no "stipulation" to a total RMV.
Because the Department did not hold a conference before increasing the Property's RMV approximately $4 million, the Department abused its discretion. The matter must therefore be remanded to the Department to hold a merits conference to consider the substantive issue (i.e., value) in the County's petition for an increase in value before simply increasing that value. *Page 9 
 III. CONCLUSION
The court concludes that the Department abused its discretion under ORS 306.115 in denying Plaintiff a hearing on the merits of the Assessor's petition before simply increasing the land RMV. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is granted; and
IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is denied.
Dated this ____ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon May 13, 2011. The Court filed and entered this documenton May 13, 2011.
[1] Plaintiff alleges four separate errors in the Department's decision. One alleged error is that the Department's decision violates Article XI, section 11 of the state's constitution (Measure 50) because the Department failed to correct an error in the Property's maximum assessed value. Plaintiff asserts three alternative allegations of an abuse of discretion by the Department. (Ptf's Amended Compl at 5.) Among the three alternative allegations of abuse of discretion was that the Department denied Plaintiff a conference on the merits of the administrative appeal as provided in ORS 306.115(4). (Id.)
[2] References to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[3] References to the Oregon Administrative Rules (OAR) are to the rules in effect in 2009, although OAR 150-306.115 has not been amended since 2003.
[4] Department submitted documents entitled "DOR Supervisory Record" with page numbers starting with a series of zeros. The court will refer to those documents as "Record" and omit the zeros.
[5] OAR 150-306.115(3)(d) provides in relevant part: "[i]f the department determines that it has the authority under ORS 306.115(3) to consider the substantive issue in the appeal, it will hold a merits conference, if necessary, to consider the substantive issue." (Emphasis added.)